Sewall, J.,
delivered the opinion of the Court.
The title of the demandant is the extent of an execution upon a judgment he had recovered against one William Creed. The extent and return are dated February 3, 1784.
One objection to the effect of this execution is, that the creditor was not represented by an attorney authorized by deed; — or, at least, that there is no evidence now to be produced, of the authority given by the judgment creditor to Enoch Perley, to receive seisin of the lands levied upon; and evidence of seisin is supposed, in this objection, to depend on Perley1 s receipt annexed to the officer’s return. And I presume it was only against the effect of the execution, that an inquiry was gone into at the trial, as to the conduct of the appraisers, in viewing only one lot of several lots appraised, *94 and making their appraisement without an actual view of every part of the real estate appraised. It is also to be observed, that these objections are offered on the part of a tenant who derives no title from the judgment debtor, and had not. even a possession of the lot demanded, when the execution was levied.
But to these objections, from whomsoever received, as applicable to the effect of the execution, the sheriff’s * return is a conclusive answer. If he returns an appraisement, and a seisin delivered to the lawful attorney of the judgment creditor, those facts are proved by the return, and every person is concluded by it, in any question of the effect of this execution. (1) Creed himself must be concluded, and all claiming under him; and all other persons, so far as it is evidence of formal proceedings, which are to avail against the parties subjected to the authority exercised therein. But it is no evidence, or not conclusive evidence, to any other purpose. For instance, if the land in controversy was Creed’s when the execution was levied and extended, if Burnell, the tenant, was not then in the possession of it, and entitled to the possession of it against Creed, the return of the sheriff is a title to the demandant. On the other hand, if the land in controversy was not Creed’s, this extent was no title to the demandant against the lawful owner, or any person in the possession; and the return is perhaps no evidence of a seisin; it certainly is not incontrovertible evidence, to the prejudice of third persons; and as evidence of an actual seisin, it is contradicted, and overthrown by the evidence produced for the tenant. The seisin of one of Creed’s lots might be a seisin, by operation of law, in all his lots appraised; but supposing an appraisal and description of a lot not Creed’s, it would be too much to say that, constructively by the mere return of the sheriff, the owner, being a third person not controlled in his rights by these proceedings, had been dispossessed, and a seisin of his land had been acquired by the demandant, by operation of law, without an entry in fact.
The subsequent conveyance by Perley is alike insufficient .of itself, and for the same reasons, when offered as a proof of a disseisin. There is no evidence of an entry by Perley, other than the constructive entry by his receipt for the seisin of Creed’s lands. If a seisin was gained to Perley’s grantee under that deed, by his taking an actual possession under it, whether by right or wrong, it affords * no proof of this demandant’s seisin ; nor is it perceivable by what relation Perley’s act in that conveyance is to operate as Bolt’s, and to give a seisin to him.
Upon.the whole, the demandant’s title, as derived under the *95 execution, is disproved by the evidence that the lot demanded was not Creed's, but Chandler's, or his heirs’, or assigns’, having been drawn to his right, and not to Hale's, under whom Creed claimed. At least, that is the probability upon the evidence reported, and the jury have not decided upon it. And as a title by disseisin, which might be sufficient against this tenant, who shows no title, there is no evidence of an actual seisin in the demandant at any time. The evidence derived from the execution, if it had any tendency to prove a seisin against a third person, altogether a stranger to the proceedings in the extent, is refuted entirely by the proof, that neither the appraisers, nor the sheriff, nor the demandant or his attorney, or any one concerned in levying the execution, made any entry, in fact, upon the lot of land in controversy. (2)
Upon the evidence as reported, the demandant is not entitled to recover in this action ; and according to the agreement of the parties in reserving the case, the verdict is to be set aside, and a new trial is to be granted; and that is the order to be now entered, (a)

 Com. Dig. Retorn. G.

 Com. Dig. Seisin, F. 1, 2, 3, 4.

 [Vide S. C. (11 Mass. Rep. 163,) on new trial.—Ed.]