## HENRY LARCOM *et al. versus* BENJAMIN CHEEVER.

Where a husband and wife were seised of certain real estate, in right of the wife, and a creditor of the husband extended an execution thereon, as upon land held in fee simple by the husband, but without an actual entry, and the estate continued in the occupation of the husband and wife till her death, there being no children of the marriage, it was *held*, that such extent was not a disseisin of the wife ; and therefore, that her heirs might maintain a writ of entry, declaring upon their own seisin, without an actual entry.

In the same case it was *held*, that neither the husband, after the death of the wife, nor the creditor, was entitled to the benefit of the statutes relating to betterments, as against such heirs, in regard to buildings erected on the land by the husband during the life of the wife.

THIS was a writ of entry, in which the demandants declared upon their own seisin within thirty years, and a disseisin by the tenant. Plea, *nul disseisin.*

At the trial, before *Putnam* J., the demandants, to prove their seisin, offered in evidence the record of the probate partition of the estate of Joshua Ellenwood, which was accepted on August 7, 1805. By this partition the demanded premises were assigned in severalty to his daughter, Joanna, who was the wife of Benjamin Brown.

Francis Lamson, a witness on the part of the demandants, testified, that he did not know that there were any buildings on the land when it was assigned to Joanna, but that there had been a house there for nearly thirty years, which was called Brown's house, and was occupied by him and his wife, until her death on December 7, 1831 ; that Brown died on December 29, 1832 ; that they had no children ; and that the demandants were the next of kin and heirs at law of Joanna.

The tenant claimed under an execution extended by him upon the premises as upon land held in fee simple by Brown, on July 24, 1830. The tenant proved, that on January 14, 1832, Brown gave a deed of the premises to his son ; but there was no evidence that the son ever entered by virtue of such deed.

The tenant contended, that the evidence was not sufficient
to prove a seisin in the demandants ; and that if it were, that
Brown built the house, &c., upon his wife's land, and that
therefore the tenant was entitled to the betterments made by
Brown.

It was agreed by the parties, that the case should be con-
sidered by the whole Court, as if the demandants had re-
covered a verdict.

If the Court should be of opinion, that the evidence was
sufficient to support a verdict for the demandants, judgment
was to be entered for them, upon the default of the tenant.
In such case the Court were to determine, whether the tenant
was entitled to the betterments made by Brown ; and if he
were so entitled, this subject was to be submitted to a jury.
If the Court should be of opinion that the evidence was in-
sufficient to support a verdict for the demandants, they were
to become nonsuit.

*Roberts*, for the tenant, to the point, that the evidence
produced by the demandants was insufficient to prove a seisin
in them, cited Stearns on Real Actions, 5 ; Cruise's Dig.
tit. 1, § 41 ; *Wolcot* v. *Knight*, 6 Mass. R. 418 ; *Wellington*
v. *Gale*, 13 Mass. R. 483 ; *Wells* v. *Prince*, 4 Mass. R. 67 ;
*Brown* v. *Porter*, 10 Mass. R. 100 ; and to the point, that
the tenant was entitled to the benefit of *St.* 1807, *c.* 75, in
relation to betterments, *Newhall* v. *Saunders*, 17 Mass. R.
350 ; *St.* 1819, *c.* 144 ; *Heath* v. *Wells*, 5 Pick. 140 ; *Tyler*
v. *Hammond*, 11 Pick. 193.

*Saltonstall* and *Lord*, for the demandants, as to the first
point, cited Stearns on Real Actions, 194 ; *Green* v. *Liter*,
8 Cranch, 246 ; *Willard* v. *Nason*, 5 Mass. R. 241 ; *Barber*
v. *Root*, 10 Mass. R. 260 ; and to the second point, *Wells* v.
*Banister*, 4 Mass. R. 514 ; *Washburn* v. *Sproat*, 16 Mass.
R. 449 ; *Liscomb* v. *Root*, 8 Pick. 376 ; *Bacon* v. *Callender*,
6 Mass. R. 303 ; *Knox* v. *Hook*, 12 Mass. R. 329.

SHAW C. J. delivered the opinion of the Court. The
main question in the present case is, whether the demandants
were so seised, when they commenced this action, as to
enable them to count on their own seisin. It appears, that
the demanded premises were part of the estate formerly of

Larcom
*v.*
Cheever.

*Nov.* 6th.

*Nov.* 7th.

Larcom
v.
Cheeve.

Joshua Ellenwood, that it descended to his heirs, of whom Joanna, the wife of Benjamin Brown, was one, and that by a probate partition made in 1805, the premises were set off to her to hold in severalty. It thus appears, that Brown and his wife became seised of the premises in her right, that Joanna died in December 1831, that Benjamin died in December 1832, and that the demandants are the heirs at law of Joanna. There were no children of the marriage, and of course no tenancy by the curtesy in the husband. Upon this statement it would seem clear, that the demandants are entitled to recover. Where the title is cast by law, on one, he becomes seised in law presently, without any actual entry ; and this distinguishes the case from a title by purchase, as devise, where an entry is generally necessary, to vest the actual seisin in the devisee.

Descent being a title cast on the heir by operation of law, he becomes seised without actual entry, and may maintain a writ of right on his own seisin.

Then the question is, whether the ancestor, Joanna, was disseised in her lifetime by the levy of the execution, so that she did not die seised. It appears, that in 1830, in the lifetime of both Brown and wife, the defendant levied his execution on the premises, as the fee simple estate of Benjamin Brown. But it further appears, that notwithstanding this levy, Brown and wife occupied the estate till her death, in 1831. Was this formal levy, and instantaneous seisin as against Brown, a disseisin of Joanna Brown ? We are of opinion that it was not.*

It has been held, that where an execution is regularly levied, on lands *liable by law to the extent*, and duly returned &c., the seisin delivered to the creditor will operate, to some purposes, as a disseisin of the tenant. *Gore* v. *Brazier*, 3 Mass. R. 523 ; Big. Dig. 701. It would appear therefore, that where the land is not liable to the extent, the creditor gains no seisin, and the tenant is not disseised. In the present case, it is quite clear, that the land of the wife was not liable to the extent by a creditor of the husband, in fee simple.

---

* See *Melvin* v. *Locks and Canals &c., ante*, 161.

If the levy gave any right to the execution creditor, which is very doubtful, it was only for the joint lives of the husband and wife, and could not affect the heirs. It could operate only as a transfer of her life interest, during the life of her husband.

But it is further held, that the extent of an execution on land not belonging to the judgment debtor, gives no seisin to the judgment creditor, without an actual entry. *Bott* v. *Burnell*, 9 Mass. R. 96 ; *S. C.* 11 Mass. R. 163. Here, as there was no actual entry, and as the land was not the land of the judgment debtor, the creditor acquired no seisin as against the wife, or as against the husband and wife as seised in her right. We think, therefore, that the wife was not by the levy of this execution disseised, that she continued seised to the time of her death, when the fee was cast upon the demandants, as her heirs at law, that they thereby acquired a seisin in law which is sufficient to enable them, on a writ of entry, *to count on their own seisin.*

In regard to the claim of betterments, we think it is inadmissible. Admitting that the house was built by Brown, he was not holding by possession only, or by a bad title, or by any mistaken title, or title that has failed. He held by good title in right of the wife, and erected the buildings, to enable him to enjoy the estate. The case is not within the terms or the spirit of the statute, and therefore Brown himself could not have claimed betterments against the heirs, after the death of the wife ; and *a fortiori*, the defendant acquired no claim by his mistaken levy of execution, nor would he have done so by any mode in which he could have made such levy.

The defendant is to be defaulted, and judgment entered for the demandants.