184                        GREER v. YOUNG.

ROBERT C. GREER

v.

GEORGE YOUNG.

*Filed at Ottawa March 22, 1887.*

1. SERVICE OF PROCESS—*privilege or exemption of persons while attending upon legal proceedings, etc.* A non-resident was served with civil process in this State, under the following circumstances, as stated in an affidavit in support of a motion to quash the service and dismiss the suit: Both the plaintiff and defendant were residents of the State of Missouri. There was a prior action pending in Missouri, at the suit of the same plaintiff, for the same cause of action. In defending the suit so pending in Missouri, it became necessary to take depositions in this State, and, under instructions from his attorneys, the defendant came into this State for the sole purpose of assisting his said attorneys in taking said depositions. The depositions were taken before a notary. Shortly after they were taken, and while in the office of his said attorneys, consulting with them in respect to the depositions, the sheriff made service upon the defendant, of the summons in the present case, by reading. The defendant claimed that, considering the purpose for which he came into this State—the attendance upon the taking of depositions—he was privileged from being served with civil process while here. But it was held the service was good.

2. The rule at common law which extends to parties and witnesses in a lawsuit the privilege or exemption from *arrest* on civil process, while coming to, attending upon and returning from the court, has no application in a case where the service is simply by reading.

3. And although the word "court," as used in that connection, has been construed to extend to the taking of depositions before a master, magistrate or other person, under an order of court, it would not extend to the taking of depositions before a notary public in one State, to be used in a suit pending in another, as in such case the notary would not be regarded as the instrument or agency of the court in which the suit was pending, or in any way amenable to it.

4. PRACTICE—*time to interpose dilatory defences—presumption.* A defence of a dilatory nature must be made at the earliest opportunity; but whether it is so interposed is a question of fact, that may be materially affected by the rules of the court. Therefore, when such a defence is allowed, it will, in the absence of anything showing to the contrary, be presumed to have been presented in apt time.

5. SAME—*how to avail of defect in writ or service—whether by motion or plea.* Where process is defective on its face, or the return of service is, of

itself, insufficient, the defect may be taken advantage of by motion to quash or dismiss; but where the objection to the writ or service does not appear upon the face of the proceedings, but has to be shown by matters *dehors* the record, the objection must be made by plea in abatement.

6. ABATEMENT—*pendency of suit for same cause in another State.* The pendency of an action in another State can not be pleaded in abatement of a suit brought in this State on the same cause of action.

7. But even when the pendency of a suit in another State can be made available as a defence at all, it must be formally pleaded in abatement.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding.

Messrs. DENT, BLACK & CRATTY BROS., for the plaintiff in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Robert C. Greer, on the 23d of July, 1884, commenced an action of assumpsit in the Superior Court of Cook county, against George Young. A summons in the usual form, returnable on the first Monday of the following month, was served on the defendant, and due return thereof made by the sheriff of Cook county, on the same day. On the 4th of August, 1884, the plaintiff filed in the cause a declaration in the usual form, containing the common counts only. On the 18th of the same month, the defendant filed, by his attorneys, a special appearance in the case, "for the purpose, only, of moving to quash the writ of summons, and dismiss the suit." On the 19th of the same month the defendant filed a written motion in the cause, "to quash the service of the writ of summons," for the reason, as is alleged in the motion, "that the defendant is a non-resident of the State of Illinois, and at the time of said service was within the jurisdiction of this court for the purpose of attending legal proceedings, and for no other

purpose." This motion was supported by an affidavit of the defendant, showing, in substance, that both the plaintiff and the defendant were residents of Missouri; that the plaintiff, prior to the commencement of the present suit, had brought an action against the defendant, in the circuit court of Lafayette county, in the State of Missouri, "for the identical cause of action for which this suit is brought," and that said former suit was still pending and undetermined in the State of Missouri; that in defending said last mentioned suit, it became necessary to take depositions in Chicago, and that, under the instructions of his attorneys, he went to Chicago for the sole purpose of assisting his said attorneys in taking said depositions; that shortly after the taking of the same, and while in the office of his attorneys, consulting with them as to the probable effect of the depositions, the sheriff made service of the summons upon him in the present case.

Upon consideration of the facts set forth in the affidavit, the Superior Court sustained the motion to quash the service, and entered an order dismissing the suit, which was affirmed by the Appellate Court for the First District. The case is brought here by plaintiff in error on a certificate of the Appellate Court, and a reversal of the judgment of affirmance is asked on a number of grounds.

It is first contended, that as the defence was of a dilatory character, it should have been made at the very earliest opportunity, which it is claimed was not done. Of the correctness of the rule of law suggested there can be no question; but whether the motion was made at the earliest opportunity, is a question of fact, that may be materially affected by the rules of the court where the action was pending, of which this court can not take judicial notice, and as all presumptions are to be indulged in favor of the correctness of the rulings of that court, in the absence of anything to the contrary, we are not fully prepared to say that the motion was not made in time, though it must be confessed the objection is not without

force. However this may be, we prefer to place our decision upon other grounds.

The most important question in the case, is whether the circumstances shown, even if properly pleaded in due time, warranted the court in setting aside the service of the process and dismissing the suit. There is clearly no ground for the claim that the plaintiff or his counsel had any agency in inducing the defendant to leave Missouri and go to Chicago, for the purpose of having process served on him in the latter place,—in other words, it is not claimed, nor is there any ground for the claim, that service of process upon the defendant was obtained by any artifice, trick or fraud, on the part of the plaintiff, his counsel, or any one else acting in his interest. The question then arises, can one who voluntarily leaves his own State, and comes to this, for the purpose of taking depositions before a notary, be lawfully served, by reading, with civil process, while here on such business?

The fact that the plaintiff had sued the defendant in Missouri, on the same cause of action, we do not regard as having any bearing on the question, as it is the settled law in this State, that the pendency of a suit in another State can not be pleaded in abatement of a suit brought here on the same cause of action. (*McJilton* v. *Love*, 13 Ill. 486; *Allen* v. *Watt*, 69 id. 655.) But even where the pendency of a suit in a sister State can be made available as a defence at all, it must, by all the authorities, be formally pleaded in abatement, which was not done here. The right of the plaintiff, then, to sue the defendant here, was the same as that of any one else having a claim against him. The ruling of the court, therefore, must be rested entirely upon the privilege or immunity which the common law has, from a very early period, extended to parties and witnesses in a lawsuit while attending court, including going and coming. This rule is found in all the text books, and, in most of the cases we have examined, is expressly limited to cases of *arrest* on civil process. 1 Tidd,

(1st Am. ed.) 174; 3 Blackstone, side page 289; 1 Greenleaf on Evidence, secs. 316, 317; 2 Bouvier's Law Dic. 284.

The rule as laid down in the above works, is fully sustained by an almost unbroken current of authority, as is fully shown by the following cases: *Meckius* v. *Smith*, 1 H. Blac. 635; *Kinder* v. *Williams*, 4 Term Rep. 378; *Arding* v. *Flower*, 8 id. 534; *Spence* v. *Bert*, 3 East, 89; *More* v. *Booth*, 3 Ves. 350; *Ex parte Hawkins*, 4 id. 691; *Ex parte King*, 7 id. 313; *Sidgier* v. *Birch*, 9 id. 69; *Ex parte Jackson*, 15 id. 117.

The above authorities are also valuable as throwing light upon the procedure or practice in cases of this kind. The arrest of a party to a suit, by civil process, being regarded as a breach of the defendant's privilege, the usual course was to appear in the cause in which the arrest was made, and procure a rule against the plaintiff and his attorney to show cause why the defendant should not be discharged out of custody by reason of his alleged privilege, *upon his filing common bail.* The rule to show cause was always supported by affidavit setting up the fact of the arrest, and attendant circumstances. On the hearing, the rule, depending upon the proofs, was either made absolute or discharged. If the former, the defendant, upon filing common or nominal bail, was discharged, and if he had given special bail, the bail bond was ordered to be surrendered and cancelled. Nevertheless, the defendant was in court, and was bound to answer the action.

While, as we have just seen, the exemption, by the general current of authority, applies only to arrests, yet in some of the States, notably New York, it has been extended to cases of service by summons, merely, particularly where the defendant is a non-resident. (*Person* v. *Grier*, 66 N. Y. 124; *Mathews* v. *Tufts*, 87 id. 568.) No sufficient reason is perceived for departing from the general current of authority on this subject, merely because some two or three of the States have, through perhaps a spirit of comity, more than anything else, seen proper to do so. The mere service of a summons

upon a non-resident, when in another State for the purpose of taking depositions to be used in an action to which he is a party in his own State, imposes no greater hardship upon him than to be served with process out of his own State when attending to any other kind of business. In either case, he is usually afforded ample time to prepare his defence, if he has any. Parties thus circumstanced have no difficulty in getting a temporary postponement or continuance of the causes, when necessary to the attainment of justice, or to avert any serious loss or inconvenience. It is clear that such a case does not come within the reasons of the rule as laid down in the authorities above cited.

But outside of this consideration, it is essential that the party invoking the protection of the rule should come prepared to show that he is clearly within it. The rule, as well as the principle on which it is founded, is thus expressed by Tidd, *supra*: "The parties to a suit, and their witnesses, are, for the sake of public justice, protected from *arrest* in coming to, attending upon and returning from the court,—or, as it is usually termed, *eundo morando et redeundo*." The term "court," within the meaning of the rule, has received a very liberal construction. Greenleaf, in section 317, above referred to, thus summarizes the result of the authorities on this subject: "This privilege is granted in all cases where the attendance of the party or witness is given in any matter *pending before a lawful tribunal having jurisdiction of the cause*. Thus, it has been extended to a party attending on an arbitration *under a rule of court;* or on the execution of a writ of inquiry; to a bankrupt and witnesses attending before the commissioners, on notice; and to a witness attending before a magistrate to give his deposition, under an order of court."

To the last instance given by the author may be added the case of a party, or his witnesses, appearing before a master to give or take testimony, which would fall within the same principle. Where a master, magistrate or other person takes

evidence in a cause, under an order of the court wherein the cause is pending, such officer or other person is the mere instrument of the court, and is subject to its orders. In legal effect, such evidence is taken before the court. But a notary public, when taking depositions in one State to be used in a suit pending in another, can in no sense be regarded as an instrument or agency of the court wherein such suit is pending. Neither the notary, nor any of the parties appearing before him, are answerable to the court for anything said or done while there, the whole matter being outside of its jurisdiction. Not so with a master, magistrate or other person taking evidence under an order of the court within its jurisdiction. In such case, all parties appearing before him for such purpose, if willfully guilty of any improper conduct, might summarily be attached, brought before the court, and punished as for a contempt in its presence. In taking the depositions, the notary performed purely ministerial functions. He could decide no questions or determine any matter affecting the rights of the parties to the suit, nor was he, as we have just seen, connected with any court or other tribunal having the power to do so. Hence he could in no sense, in the language of Greenleaf, be said to have "jurisdiction of the cause," and therefore he does not fall within the category of any of the tribunals contemplated by the rule in question.

Looking at the action of the trial court from another point of view, we do not think it in harmony with the decisions of this court. The case was disposed of upon a simple motion to quash the service. The writ, the service and return, as they appear of record, were in strict conformity with law, but it was sought to assail the validity of the service on account of certain matters alleged to exist *dehors* the record, and set forth by way of affidavit. This we do not think can be done. Had the defendant been arrested, and it was desired to raise the question of privilege for the purpose of obtaining his discharge, then, in conformity with the well settled practice in

such cases, a rule *nisi* should have been taken against the plaintiff, as heretofore indicated, and the question would then properly have been heard on affidavit, as was done in this case. But no such a case as the one suggested was before the court. There was simply an attack upon the service, founded upon extrinsic facts. Whatever may be the practice in States where the code system prevails, it is clear the course pursued was not proper. Here, the common law practice prevails generally, except in so far as it has been modified by legislative enactment, or perhaps, in some instances, by long and uniform custom; but we are aware of no change in the practice, by legislation or otherwise, so far as the procedure in cases of this kind is concerned. The rule, as recognized here in repeated decisions, and which is in strict accord with the common law practice, is, that any defect in the writ, its service or return, which is apparent from an inspection of the record, may properly be taken advantage of by motion, but where the objection is founded upon extrinsic facts the matter must be pleaded in abatement, so that an issue may be made thereon, and tried, if desired, by a jury, like any other issue of fact. If the plaintiff is successful upon such issue, the judgment is *quod recuperet*. It is therefore to him a valuable right to have the issue thus made up and tried. To permit the defendant to try an issue of this kind on affidavit, as was done, gives him a decided advantage, for if he fails, his motion would be simply overruled, and he would still have a right to a trial on the merits. To permit a party to thus speculate on the chance of succeeding on a purely technical ground, without incurring any risk, and without any compensation to the plaintiff in case of failure, is contrary to the spirit of the common law, and is in direct conflict with the decisions of this court. *Holloway* v. *Freeman,* 22 Ill. 197; *McNab* v. *Bennett,* 66 id. 157; *Union National Bank* v. *First National Bank,* 90 id. 56; *Rubel* v. *Beaver Falls Cutlery Co.* 22 Fed. Rep. 282; *Holton* v. *Daly,* 106 Ill. 131; *Hearsay* v.

*Bradbury,* 9 Mass. 96; *Bean* v. *Parker,* 17 id. 601; *Guild* v. *Richardson,* 6 Pick. 368; *Charlotte* v. *Webb,* 7 Vt. 48; *Lillard* v. *Lillard,* 5 B. Mon. 340.

For the reasons stated, the judgments of the courts below are reversed, and the cause remanded to the Superior Court of Cook county, for further proceedings in conformity with the views here expressed.

*Judgment reversed.*