### A. H. WILLARD

*v.*

### CHRIST. ZEHR.

*Opinion filed April 17, 1905.*

1. APPEALS AND ERRORS—*what is an issue of fact within meaning of section 8 of the Appellate Court act.* Section 8 of the Appellate Court act, providing that where there is no trial of an "issue of fact" in the lower court an appeal will lie from the Appellate Court to the Supreme Court if the amount claimed in the pleadings exceeds $1000, means an issue of fact made by the formal written pleadings of the parties.

2. SAME—*when there is no trial of an issue of fact.* Where the defendant elects to stand by his plea in abatement, upon the sustaining of a demurrer thereto, and judgment is entered against him by default, there is no trial of an issue of fact, and the Supreme Court has jurisdiction of an appeal from the Appellate Court without a certificate of importance if the amount claimed by the pleadings exceeds $1000, although the judgment is for less.

3. PLEADING—*when objection of want of jurisdiction must be raised by plea in abatement.* Where the objection to jurisdiction of a court of general jurisdiction is founded upon extrinsic facts not apparent from inspection of the record the matter must be pleaded in abatement.

4. SAME—*plea in abatement must be certain to every intent.* A plea in abatement to oust a circuit court of jurisdiction for matters not appearing from an inspection of the record must be certain to every intent and must contain proper averments of facts accurately and logically stated, excluding every intendment of jurisdiction; and

deductions, arguments, inferences and conclusions of the pleader are not sufficient.

5. SAME—*what must be alleged to show the pleader was exempt from service of summons.* A plea in abatement alleging that the defendant was a resident of a foreign State and was not voluntarily in the county where summons was served, but was there under arrest upon an indictment wrongfully procured by the plaintiff for the purpose of bringing him into the county, and which, after service of summons, was dismissed, is not sufficient to show the defendant·was exempt from service of summons, where there is no averment that he was not guilty of the crime charged, or that the plaintiff falsely charged, or caused him to be charged, with crime.

6. SAME—*enough facts must be alleged to enable court to determine their sufficiency.* While it is never necessary for a party to plead the evidence of the facts averred, yet enough of the facts relied upon as sustaining the cause of action or defense must be alleged to enable the court to determine their sufficiency.

7. SAME—*objections to plea in abatement may be raised by general demurrer.* Objections to a plea in abatement, whether of form or substance, may be raised by general demurrer.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding.

At the December term, 1903, of the circuit court of Tazewell county, defendant in error began an action of trespass on the case for the breach of warranty of a breeding jack sold to him by plaintiff in error. At the time the suit was commenced the plaintiff in error was a resident of Jasper county, State of Missouri, and had been indicted by the grand jury of Tazewell county for horse stealing and had been brought into that county by the sheriff, and while in the county to answer the indictment was served with process in this case. To the declaration the defendant filed the following plea in abatement:

"And the said A. H. Willard, in his own proper person, comes and defends, etc., and says that he is the only defendant in this cause, and that the cause of action herein is not a local action, and that before and at the time of the com-

mencement of said action of the said Christ. Zehr against him, and at the time of the service of process upon him in said cause, he, the said A. H. Willard, was, and from thence hitherto has been, and still is, residing in the county of Jasper, in the State of Missouri, and not in the county of Tazewell and State of Illinois, and that at the time of the service of process upon him in this cause he was not voluntarily within the said county of Tazewell and State of Illinois, but was then and there under arrest and in the custody of the sheriff of said county of Tazewell, and had been brought from his home in the county of Jasper and State of Missouri, where he then resided and now resides, under arrest on a *capias* issued out of the office of the clerk of the circuit court of the county of Tazewell upon an indictment wrongfully, fraudulently, deceitfully and designedly procured to be returned by the grand jury of the county of Tazewell and State of Illinois, charging him, the said A. H. Willard, with the larceny of certain horses from one James Dean, in this county of Tazewell; and the said defendant avers that the said indictment was wrongfully, fraudulently, deceitfully and designedly procured to be returned by the said grand jury of said Tazewell county by the wrongful, unlawful, fraudulent and deceitful connivance, procurement, assistance, direction, counsel, aiding and abetting of said plaintiff herein, Christ. Zehr, and one W. H. Miner and the above named James Dean, and their agents, servants and certain attorneys, which certain attorneys referred to then represented the plaintiff in this cause, and still do, and then did and still do, represent the other plaintiffs in said other causes, for the wrongful, unlawful, fraudulent and deceitful purpose of bringing the person of the said A. H. Willard into the said county of Tazewell, in the State aforesaid, within the jurisdiction of said court, for the wrongful, fraudulent and deceitful purpose of procuring and causing the said process in this cause, and in another cause then pending in said court against the said defendant, A. H. Willard, wherein

the said W. H. Miner was plaintiff, to be served upon the said defendant, A. H. Willard, thereby attempting to secure jurisdiction over the defendant in said causes in this county of Tazewell, and that pursuant to and in furtherance of said wrongful, fraudulent and deceitful purpose, and while the said defendant, A. H. Willard, was so wrongfully, fraudulently and deceitfully under arrest upon said *capias* issued upon said indictment, as aforesaid, and in the custody of the sheriff of said county of Tazewell, as aforesaid, and while so wrongfully, fraudulently and deceitfully held and detained in the said county of Tazewell, as aforesaid, the said summons in said cause was served upon the said defendant, A. H. Willard, and that subsequent to the procuring of the said indictment to be returned into said court, and after the said service of process upon the said defendant, while he was so under arrest and in custody of the sheriff of the said county of Tazewell, pursuant to said wrongful, fraudulent and deceitful purpose, as aforesaid, the said Christ. Zehr, plaintiff herein, and the said W. H. Miner and James Dean, by, with and through the advice and counsel of their same attorneys, caused the said indictment to be dismissed out of this court. And the said defendant further avers that at and within the said county of Jasper, in the State of Missouri, where the said defendant, A. H. Willard, heretofore and now resides, there is a circuit court which has jurisdiction of the person of the said defendant and which may lawfully have and take cognizance of the aforesaid action, and this he, the said defendant, A. H. Willard, is ready to verify, wherefore he prays judgment if the court will take cognizance of the aforesaid action."

To this plea a general and special demurrer was sustained, and defendant electing to stand by his demurrer, a judgment was rendered against him for $955.75. An appeal was prosecuted to the Appellate Court, where the judgment was affirmed, to reverse which this writ of error has been sued out.

F. J. QUINN, W. B. CARLOCK, and WILLIAM A. POTTS, for plaintiff in error:

It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found. Hurd's Stat. chap. 110, sec. 2; *McCulloch* v. *Ellis,* 28 Ill. App. 439; *Mt. Olive Coal Co.* v. *Hughes,* 45 id. 566.

The right of a person to be sued in the county of his residence is not only a statutory but a substantial right. *Hobson* v. *Tritt,* 69 Ill. App. 215; *Drake* v. *Drake,* 83 Ill. 526; *Stafford* v. *Insurance Co.* 88 id. 296; *Humphrey* v. *Phillips,* 57 id. 132; *Herkimer* v. *Sharp,* 5 Ill. App. 620; *Drainage District* v. *Griffin,* 138 Ill. 330.

The defendant was not found in Tazewell county, within meaning of the statute. *McNab* v. *Bennett,* 66 Ill. 157.

If the objections appear upon the face of the papers a motion to dismiss will be entertained, but if other objections have to be considered they must be presented by a plea in abatement, so that an issue of fact can be made and tried. *McNab* v. *Bennett,* 66 Ill. 157.

The amended plea to the jurisdiction of the court was a meritorious plea and not to be regarded as a mere plea in abatement, but one necessary to the protection of a substantial right granted by the statute. *Stafford* v. *Insurance Co.* 88 Ill. 296.

A demurrer admits all the facts which are well pleaded and the plea states all the facts required to make a good plea. *Scott* v. *Walker,* 65 Ill. 181; 1 Chitty's Pl. 662; *Deem* v. *Crume,* 46 Ill. 69.

The court will not take jurisdiction of a party where it is obtained by fraud. An act that may be lawful in itself can not be done by fraudulent or unlawful means. *Wanzer* v. *Bright,* 52 Ill. 35; *Kimball* v. *Custer,* 73 id. 389; *Shenk* v. *Phelps,* 6 Ill. App. 612.

The amended plea sets forth a legal and meritorious defense, and the demurrer should have been overruled. Hurd's Stat. chap. 110, sec. 2; *McNab* v. *Bennett,* 66 Ill. 157; *Nis-*

*pel* v. *Railroad Co.* 64 id. 311; *Wanzer* v. *Bright,* 52 id. 35; *Moletor* v. *Sinnen,* 7 L. R. A. 817; *In re Robinson,* 8 id. 398.

The law does not require that a plea to the jurisdiction should be personally signed by the defendant. It is sufficient if pleaded in person. 1 Chitty's Pl. sec. 444; *Railroad Co.* v. *Keep,* 22 Ill. 9; Puterbaugh's Common Law Pl. 43.

W. R. CURRAN, for defendant in error:

It is lawful for any plaintiff to sue any defendant in the circuit court in any county in this State where such defendant may be found. Rev. Stat. chap. 110, sec. 2; *Brewster* v. *Scarborough,* 2 Scam. 280; *Semple* v. *Anderson,* 4 Gilm. 559; *Green* v. *Young,* 120 Ill. 191; *Cassem* v. *Galvin,* 158 id. 30; *Lewis* v. *Schwinn,* 71 Ill. App. 265.

If a man voluntarily leaves his residence and goes to another county, or if seized when properly chargeable with a crime and taken to another county, he is "found" there, within in the sense of the word as used in the statute. *McNab* v. *Bennett,* 66 Ill. 160.

A plea to the jurisdiction of the court must aver facts showing the absence of jurisdiction and must be certain in every particular. If the plea is uncertain in any particular it will be bad on demurrer. *Diblee* v. *Davison,* 25 Ill. 488; *Humphrey* v. *Phillips,* 57 id. 135; *Dunlap* v. *Turner,* 64 id. 47; *Finch* v. *Galigher,* 181 id. 630; *Furniture Co.* v. *Strauss,* 75 Ill. App. 276; *Pitts Sons' Manf. Co.* v. *Bank,* 121 Ill. 587.

When the objection to the jurisdiction of the court does not appear on the face of the papers the matter can only be brought in question by plea in abatement, so that an issue of fact can be made and tried. *Holloway* v. *Freeman,* 22 Ill. 201; *McNab* v. *Bennett,* 66 id. 159.

A general demurrer is sufficient to reach all objections to pleas in abatement, whether of matters of form or substance. *Finch* v. *Galigher,* 181 Ill. 630; *Buddle* v. *Wilson,* 6 T. R. 370; *Clifford* v. *Cony,* 1 Mass. 469; *Shaw* v. *Dutcher,* 9 Wend. 216; 1 Chitty's Pl. 465.

In pleading, facts only are to be stated, and not arguments, inferences, conclusions or matters of law. 1 Chitty's Pl. (16th Am. ed.) 236, 253, 566; *Knights of Pythias* v. *McLennon,* 69 Ill. App. 603.

When the language of a plea is doubtful in its meaning, the most unfavorable construction must be adopted against the pleader. He is always presumed to state his case as strongly in his favor as it will bear.. *Lemon* v. *Stevenson,* 36 Ill. 49; *Henkel* v. *Heyman,* 91 id. 96; *Poole* v. *Roberts,* 19 Ill. App. 439.

Mr. JUSTICE WILKIN delivered the opinion of the court:

A motion has been made by the defendant in error to dismiss the writ on the ground that the judgment does not exceed $1000, and that as there is no certificate of importance from the Appellate Court the judgment of that court is final. Section 8 of chapter 37, (Hurd's Stat. 1903, p..569,) with reference to the jurisdiction of the Appellate Court, provides that in all cases where there was no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Court to the Supreme Court where the amount claimed in the pleadings exceeds $1000. We have held that the issue of fact referred to in this section means an issue of fact made under our practice in courts of record by the formal written pleadings of the parties,—that is, a single, certain, material point arising out of the allegations of the parties and generally made by an affirmative allegation and denial. Whenever the parties come to a point in the pleadings which is affirmed on one side and denied on the other they are said to be at an issue, and when a material fact is thus affirmed and denied an issue of fact is formed for trial, and its determination usually results in a judgment for one party or the other. In this way only, as a general rule, can an issue of fact be formed for trial. (*Washington* v. *Louisville and Nashville Railway Co.* 136 Ill. 49; *Gottfred* v. *Woodruff,* 193 id. 491; Gould's Pl. 279.) Under

this definition no issue of fact was tried by the lower court. There was a demurrer to the plea which was sustained, and defendant electing to stand by his demurrer, judgment was entered by default for $955.75. The amount claimed in the declaration was $1500, and therefore an appeal lies to this court. (*Murphy* v. *Murphy,* 207 Ill. 250.) The motion to dismiss will accordingly be denied.

The question next presented for our decision is as to the sufficiency of the plea. The suit was commenced in a court of general jurisdiction. The rule is, that any defect in a writ, its service or return, which is apparent from an inspection of the record, may properly be taken advantage of by a motion; but where the objection is founded upon extrinsic facts the matter must be pleaded in abatement, so that an issue may be made and tried by a jury like any other issue of fact. *Greer* v. *Young,* 120 Ill. 184.

Section 2 of chapter 110 (Hurd's Stat. 1903, p. 1400,) provides that it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides "or may be found," except in certain cases therein specified, not material to be considered here. The defendant was found and duly served in Tazewell county, and we have held that unless he was there by reason of some fraud, artifice or trick on the part of the plaintiff, or some one acting for him, in order to obtain service upon him, he was properly found within that county, within the meaning of the statute. *Cassem* v. *Galvin,* 158 Ill. 30; *Greer* v. *Young, supra; McNab* v. *Bennett,* 66 Ill. 157.

As the circuit court of Tazewell county is one of general jurisdiction and the want of jurisdiction did not appear upon the face of the record, it could only be raised by a plea in abatement, as above stated. The law has always required great accuracy and precision in the structure and form of such pleas. They must be certain to every intent, and if to the jurisdiction of the court, there must be proper averments of facts, accurately and logically stated, excluding every in-

tendment of jurisdiction. The presumption will be in favor of the jurisdiction, and the pleader must set up such facts as would clearly oust the court of jurisdiction. Presumptions, deductions, arguments, inferences and conclusions are not sufficient. (*Parsons* v. *Case,* 45 Ill. 296; *Diblee* v. *Davison,* 25 id. 403; *Humphrey* v. *Phillips,* 57 id. 132; 1 Chitty's Pl. 395.) Does the plea aver that the defendant was not found in Tazewell county within this rule of pleading? We think not. True, it states with certainty and definiteness that he was a resident of Jasper county, State of Missouri, and that he was not, at the time he was served, voluntarily in said Tazewell county but was there under arrest, and had been brought from his home in Missouri under arrest upon a *capias* issued out of the county of Tazewell; but these facts were not sufficient to exempt him from service of summons in the county in which he was in fact found. (*McNab* v. *Bennett, supra; Cassem* v. *Galvin, supra; Greer* v. *Young, supra; Brewster* v. *Scarborough,* 2 Scam. 280; *Semple* v. *Anderson,* 4 Gilm. 546.) He was required to go farther, and show that he was not properly charged with the crime for which he was arrested and brought into the said county. This he attempted to do by subsequent averments that the indictment charging him with larceny of the horse was "wrongfully, fraudulently, deceitfully and designedly procured" to be returned by the grand jury by the "wrongful, unlawful, fraudulent and deceitful connivance, procurement, assistance, direction, counsel, aiding and abetting of said plaintiff," etc., for the purpose of bringing him into the said county, within the jurisdiction of said court, etc., and that after the service upon him they caused said indictment to be dismissed out of court. It will be seen that the averment that the indictment was "wrongfully, fraudulently, deceitfully and designedly procured" rests upon no alleged fact as to the acts and conduct of the plaintiff. Unaided by presumptions, arguments, inferences and conclusions, it amounts to nothing in a plea to the jurisdiction of the court

and is no more than the conclusion of the pleader. There is in the plea no averment that the defendant was not guilty of the crime charged in the indictment upon which he was arrested, or that the plaintiff, and those with whom he is charged to have acted, appeared before the grand jury, or caused others to do so, and there falsely charged him with the crime.

Counsel for the plaintiff in error say that an indictment against the defendant in error and those with whom he acted, charging them with conspiracy to do an illegal act or an act in an unlawful manner, alleging the offense in the language of this plea, would be sufficient. Even if that should be admitted, it does not follow that the plea is sufficient to oust a court of general jurisdiction of the power to try a defendant found and served with process within its territorial jurisdiction. We concede that it is never necessary for a party to plead the evidence of facts averred, but enough of the facts themselves relied upon as sustaining the cause of action or defense must be alleged to enable the court to determine their sufficiency.

It is also urged that the objections to the plea could only be raised by special demurrer, and that the particular grounds assigned were insufficient. The objections above pointed out go to the substance of the plea and certainly could be reached by general demurrer. In fact, the general rule is, that all objections to pleas of this kind, whether of form or substance, can be raised by a general demurrer. *Finch* v. *Galigher,* 181 Ill. 625.

The circuit court did not err in sustaining the plaintiff's demurrer to the plea, and the Appellate Court properly affirmed the judgment.          *Judgment affirmed.*