## Elsworth Clark and Fred Tess, Jr., trading as Clark & Tess, Appellees, v. The Daniel Hayes Company of Idaho, Appellant.

### Gen. No. 6,698.

1. JUDGMENT, § 280*—*what is proper mode of hearing motion to set aside judgment.* A motion to set aside a judgment can be properly heard on affidavits under section 58 of the Practice Act (J. & A. ¶ 8595).

2. PROCESS, § 2*—*when judgment entered against one not appearing is a nullity.* Unless there is service in some mode authorized by law, a judgment entered against one not appearing is a nullity.

3. JUDGMENT, § 289*—*when judgment may be set aside for want of service of process.* The court entering a judgment against one not served in some mode authorized by law and not appearing has power to set such judgment aside either at the same or a subsequent term.

4. PROCESS, § 82*—*when objection to return of service must be made by plea in abatement.* Where objection to the return of service does not appear upon the face of the proceedings, but must be shown by matters *dehors* the record, the objection must be made by plea in abatement.

5. PROCESS, § 82*—*when return of service on one as agent of corporation cannot be quashed on motion.* A return of service, in an action against a foreign corporation, showing service on one as the agent of such corporation cannot be quashed on motion supported by affidavits that the person served was not the corporation's agent, but the question of his agency is one of fact, to be determined on an issue raised by proper pleadings, and this rule is not altered by the fact that defendant did not learn of the judgment until after it was entered.

6. APPEAL AND ERROR, § 1573*—*when refusal to open judgment is harmless.* Even though the trial court, if requested, should have opened a judgment to permit defendant to plead in abatement, there is no harmful error in refusing to do so for the sole purpose of considering an issue presented by motion that could only be tried on a plea.

7. APPEAL AND ERROR, § 1236*—*when party not estopped to allege error.* While it would seem that where counsel appear in the trial court and submit a question without proper pleadings or competent evidence and ask a decision on the facts so presented, they cannot

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

afterwards complain as to the method of procedure, such result will not follow where, on a motion to quash a return and vacate the judgment, the record merely shows the parties subsequently object-ing to such procedure present, without introducing any testimony, especially where it is not suggested on appeal that their failure to object below estops them.

Appeal from the Circuit Court of Stark county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 14, 1919.

THOMAS LINDSKOG and J. H. RENNICK, for appel-lant; GEORGE H. MASON, of counsel.

F. B. BRIAN, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

Appellees, Clark & Tess, copartners, commenced this action in assumpsit in the Circuit Court of Stark county against the appellant, an Idaho corporation doing business in Illinois. Summons issued and was by the sheriff of that county returned served on W. L. McAlister, as agent of said corporation. The return was regular on its face. A declaration and affidavit of claim were filed, and on February 11, 1919, judg-ment by default for plaintiff was entered for $3,200. Afterwards, at the same term of court, appellant en-tered its special appearance limited to questioning the jurisdiction of the court over the defendant, the return of the sheriff on the summons, and the validity of the judgment, and moved to quash the return and vacate the judgment, averring that McAlister was not at the time of said alleged service, or at any other time, the agent of the defendant; that no writ of sum-mons, or other notice, as required by law, had been served on the defendant, and the defendant had no notice or knowledge of the pendency of the suit until 10 days after the judgment. Attorneys for the re-spective parties appeared. Appellant read the affi-

davit of the alleged agent, McAlister, and another affidavit of John R. Rogers, its vice president; no further evidence was offered. The court denied the motion, and the defendant appealed.

The facts set out in the affidavits tended to support the allegations of the motion. The first inquiry is whether the relief sought can be obtained on motion supported by affidavits.

A motion to set aside a judgment can be properly heard on affidavits under section 58 of our Practice Act (J. & A. ¶ 8595), which provides that the court may, during the term, set aside any judgment upon good and sufficient cause upon affidavit. It is not claimed that appellant entered its appearance; therefore, without service in some mode authorized by law, the judgment is a nullity; (*Dickey v. City of Chicago,* 152 Ill. 468; 15 Corpus Juris, 798) and the court was without jurisdiction to enter it, and had power to set it aside either at the term when it was entered or at a subsequent term. (*City of Chicago v. Nodeck,* 202 Ill. 257, 268.) It is said in *Anderson v. Hawhe,* 115 Ill. 33: "Where a court renders judgment against a defendant, where the court has no jurisdiction of the person, no argument is needed to prove that such a judgment is void."

Appellees urge here that the return of the sheriff could only be questioned by a plea in abatement, or plea to the jurisdiction of the court, and rely on *Holloway v. Freeman,* 22 Ill. 197; *McNab v. Bennett,* 66 Ill. 157; *Greer v. Young,* 120 Ill. 184; *Willard v. Zehr,* 215 Ill. 148; *Griesser v. Taylor,* 200 Ill. App. 549, and other Illinois cases in support of the proposition that where process is defective on its face, or the return of service is of itself insufficient, the defect may be taken advantage of by motion to quash or dismiss; but where objection to the return of service does not appear upon the face of the proceedings, but has to be shown by matters *dehors* the record, the objection

must be made by plea in abatement, and say that appellant's defense in the court below rested entirely on its allegation that McAlister was not its agent within the meaning of our statute providing for service of summons on corporations; that whether or not he was such agent is a question of fact that must be determined on an issue raised by proper pleadings, and not in a summary proceeding by motion and affidavits. The authorities cited are quite clear and explicit in support of appellees' position. In *Greer v. Young, supra,* the court says on page 190 that the trial court in disposing of a similar question upon a simple motion to quash the service did not act in harmony with the decisions of that court; that the writ, the service, and return as they appear of record, were in strict conformity with law, but were assailed on account of certain matters alleged to exist *dehors* the record, and set forth by way of affidavit; that it was simply an attack upon the service founded upon extrinsic facts, and "whatever may be the practice in States where the code system prevails, it is clear the course pursued was not proper"; that the rule established in this State is that where the objection is founded upon extrinsic facts the matter must be pleaded in abatement so that an issue may be made thereon and tried, if desired, by a jury like any other issue of fact. To permit the defendant to try an issue of this kind on affidavit gives him a decided advantage contrary to the spirit of the common law, and in conflict with decisions there noted. While there are Illinois cases in which similar questions seem to have been heard on motion without question, we find nothing in later cases, citing *Greer v. Young, supra,* indicating that the court has departed from the rule there announced; on the contrary, it has been frequently recognized and affirmed in our Supreme and Appellate Courts. We note also that the Circuit Court of Appeals for the eighth district considered the question in

*Grand Island & W. C. R. Co. v. Sweeney,* 95 Fed. 396, and held that the practice prevailing in Illinois State courts was contrary to the general rule on the subject in this country as well as in England, and refused to follow it; but it recognized it as established in Illinois since *Holloway v. Freeman, supra.* Appellant in its reply brief reaches the conclusion that if it had appeared specially without proper service before judgment, the only proper practice would have been to raise the question of the jurisdiction by plea; but it claims that because it did not learn of the judgment until after it was entered it could properly ask to have the judgment set aside, and the question of fact underlying the validity of the service determined on motion, though it could not have been so tried if it had appeared before judgment. No authority is cited for this position. We know of none, and are unable to reach that conclusion.

As we have before said, the application to set aside the judgment was properly made on motion supported by affidavit, but if the judgment was set aside the question of service was left to be decided the same as if no judgment had been entered. The judgment might have been opened and appellant permitted to plead in abatement; but it did not ask that relief, and says here it could not plead in abatement because it did not appear until after judgment. We conclude even though the court, if requested, should have opened the judgment to permit a plea in abatement to be filed, that there was no harmful error in refusing to do so for the sole purpose of considering an issue presented by motion that could only be tried on a plea.

Similar questions seem to have been heard in our trial courts on motion, and reviewed by our Supreme and Appellate Courts without any question as to the propriety of that practice. *Booz v. Texas & P. Ry. Co.,* 250 Ill. 376, is one of those cases. It may well

Clark et al. v. The Daniel Hayes Co., 215 Ill. App. 350.

be that where counsel appear in the trial court and submit a question without proper pleadings or competent evidence and ask a decision of the judge on facts so presented, they could not afterwards complain as to the method of procedure; but in the present case appellees introduced no testimony—the record simply shows them present by counsel when the motion was heard, and appellant does not suggest that appellees' failure to specifically object below to the mode of procedure estops them from raising the question here.

As presented by counsel, the controlling question is whether the return could be quashed on motion supported by affidavits. And, being of the opinion that because it was regular on its face the matters relied on to impeach it could not be heard in that way, the order is affirmed.

*Affirmed.*

MR. JUSTICE NIEHAUS took no part.