Owen *v.* McKean.

ALEXANDER K. OWEN, Plaintiff in Error, *v.* JAMES McKEAN, Defendant in Error.

ERROR TO GRUNDY.

In an action of slander, testimony to prove that the slanderous words had been used by the defendant in reference to a certain bill in chancery, which the defendant at the time supposed and believed the plaintiff had sworn to, though in fact it was sworn to by another person, and that the allegations in said bill were false, is inadmissible in evidence even in mitigation of damages. Under the general issue in slander, the defendant will not be allowed to prove the truth of the charge in mitigation. A retraction of the slander made so immediate as to become a part of the *res gestœ*, and freed from all suspicion that it was made by the defendant, more for his own protection, than for reparation to the victim of his calumny, is admissible in evidence in mitigation of damages.

The venue in slander is transitory, and need not be proved.

THIS was an action on the case for slander brought by the defendant in error against the plaintiff in error, in the Grundy Circuit Court, CATON, Judge, and tried at the November term, 1847, before a jury, who returned a verdict for the plaintiff below for $200, on which judgment was entered. The defendant below sued out a writ of error. The facts appear in the opinion of the court.

GLOVER & COOK, and T. S. DICKEY, for plaintiff in error.

C. L. STARBUCK, for defendant in error.

SCATES, J. The declaration avers that Owen " at Morris, in the county of Grundy," charged McKean with swearing falsely. Plea, not guilty. On the trial McKean proved by several witnesses the speaking of the words in the county, but not in Morris; that on one or more occasions he had reference to a certain suit, by bill in chancery, in the county, brought by the county commissioners against him in relation to a road, as to whether it was a cart-way or a public highway.

Another witness stated that Owen had said in the town of Morris, that " Mr. McKean has sworn to a lie, and I can prove it by the dockets," or " Mr. McKean has sworn false, and I can prove it by the dockets ; " but which set of words he could not state. They were spoken in reference to the bill in chancery, and while depositions were being taken in the cause. McKean was one of the county commissioners' complainants. Owen had seen the bill, and requested the clerk to send his solicitor a

copy; Owen offered to read the bill in chancery, and jurat thereto, and to prove that the allegations of the bill were false; that it had been sworn to by McGrath, another of the county commissioners; that Owen had been informed that McKean had sworn to it; that prior to the speaking of the words it was generally understood and suspected in the community where the parties lived that McKean had sworn to the bill, and that it was false; that after speaking the words, and before the commencement of this suit, Owen examined the bill, &c., and immediately after stated at a public gathering of people in Morris, that he was astonished to find that McKean had not sworn to the bill, but that McGrath had sworn to it; and that until then he had always supposed McKean had sworn to it: all this, except the jurat of the bill, was rejected by the court; and by the jurat it appeared that McGrath had sworn to it.

This testimony was properly excluded, not being admissible in mitigation, in the manner it was offered, even under the rule laid down by the authorities, to which we will advert in the argument.

The court instructed the jury, that the place at which the speaking is charged in the declaration is immaterial, and proof of the words spoken at another place is sufficient to sustain the declaration; that it is not necessary to prove all the words charged in the declaration, but proof of any of the actionable words charged is sufficient to sustain the declaration.

The court refused to instruct the jury that it was necessary to prove the speaking of the words in Morris; and that malice was the gist of the action, and that if the jury believed from all the evidence, that the words were not uttered maliciously, they will find for the defendant.

We are of opinion, that in giving the former, and in refusing the latter, the court determined correctly.

This court has already decided the general rule to be, that a rumor of the charge is inadmissible in mitigation. Young *v.* Bennett, 4 Scam. R. 46; and this has been followed in Gilmer *v.* Eubank, 11 Illinois R. 274, and Hatch *v.* Potter and wife, 2 Gil. R. 725. The testimony offered in this case would not have brought the plaintiff within the rule for which he contended in the argument, for he still insisted upon proving the truth of the charge of a perjury having been committed in swearing to the bill, although he was mistaken in the man that committed it. I have met no case that allows the truth of the charge to be proven in mitigation under the general issue. The greatest latitude allowed has been to show such facts and circumstances as induced a wellgrounded reason to believe, and a belief that

the words were true ; but also showing his mistake and the innocence of the party. Root *v.* King, 7 Cow. R. 633, 634 ; Beekler *v.* Steever, 2 Whart. R. 326–8 ; Haywood *v.* Foster, 16 Ohio R. 90 ; Wilson *v.* Apple, 3 Ham. R. 270 ; Hotchkiss *v.* Oliphant, 2 Hill, 515 ; Jarvis *v.* Hathaway, 3 Johns. R. 181 ; Minesinger *v.* Kear, 9 Penn. R. 313. The case of Hotchkiss *v.* Oliphant, 2 Hill, 515, goes much further in an *obiter dictum*, than any case I have met, allowing a retraction to be shown in mitigation. When this is the effect of true penitence for the injury inflicted, and intended as an honorable reparation, and so immediate as to become a part of the *res gestæ*, I see no objection to it. An honorable mind could have as little objection to receiving a like genuine reparation offered upon greater delay, and mature reflection and deliberation ; but at the same time it is liable to the suspicion of a pharisaical repentance intended more for his own protection than for reparation to the victim of his calumny ; and should, therefore, be freed from all suspicion of this character before it would be entitled to any consideration as evidence of a desire to make reparation for an injury. The proofs offered in this case have not the first feature of such character. So far from it, that it is an attempt with the same calumnious malignity, to make the court the medium, not only of charging, but proving in his absence, and without a hearing, a perjury upon McGrath, and offering this new slander upon McGrath, in satisfaction to McKean for the former one upon him. As if in law it would be less a slander, when said of the former, than of the latter. If slander was the favorite of the law, it could not do more to encourage, sustain, and promote it, than by sanctioning this offer.

The venue in slander is transitory, and need not be proved. The allegation in this case that the speaking was " at Morris," does not make it an allegation descriptive of the offence, and necessary to be proved ; it is simply immaterial, and so this court decided in a case of assault and battery, Hurley *v.* Marsh et al., 1 Scam. R. 329, which was laid to have been committed " at the town of Montebello." There was no proof to warrant the last instruction asked, and the court will not err in refusing abstract propositions of law. Hill *v.* Ward, 2 Gil. R. 293.

*Judgment affirmed.*