## ROBERT C. GREER
### v.
## GEORGE YOUNGS.

1. SERVICE—PRIVILEGE.—A party while engaged in taking depositions to be used in his suit in another State, and for such time thereafter as is necessary to return to his home in that State, is privileged from the service of a summons.

2. PRACTICE.—The question of whether a summons has been properly served or not, can not be raised by a plea in abatement, but will properly be considered on motion to quash writ of service.

ERROR to the Circuit Court of Cook county ; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed October 22, 1885.

Messrs. DENT, BLACK & CRATTY BROS., for plaintiff in error; that the motion was not made in apt time, cited Wilson v. Nettleton, 12 Ill. 61.

The matter was not proper to be decided on motion: Holloway v. Freeman, 22 Ill. 197; Union Nat. Bk. v. First Nat. Bk., 90 Ill. 56; McNab v. Bennett, 66 Ill. 157; Rubel v. Beaver Falls Cutlery Co., 22 Fed. Rep. 282; F. & M. Ins. Co. v. Buckles, 49 Ill. 482.

Messrs. CLIFFORD, ANTHONY & PAULSEN, for defendant in error.

BAILEY, P. J. This was an action of assumpsit brought by the appellant against the appellee in the Superior Court of Cook county. The summons was served and the declaration filed July 23, 1884, and on the 18th of August following, the

defendant, by his attorneys, entered his appearance for the purpose only of moving to quash the summons and to dismiss the suit. No formal motion to that effect seems to have been filed, nor any steps taken in relation thereto, except the service of a notice by the plaintiff's attorneys, that they would call the motion up November 10th, and a stipulation by the defendant's attorneys that it might be taken up November 17th without further notice, and a further stipulation by the attorneys of both parties, continuing it to November 24th. On the 19th of November, the defendant, by his attorneys, entered a motion, supported by affidavit, to quash the service of the summons on the ground that the defendant was a non-resident of this State, and that at the time of said service he was within the jurisdiction of the court, for the sole purpose of attending upon certain legal proceedings. This motion was sustained, and it appearing that the plaintiff was not able and did not expect to be able to obtain other or further service upon the defendant, and that he elected to abide by the service and return already made, it was ordered that the suit be dismissed at his costs.

The plaintiff's affidavit shows, in substance, that at the date of the service of the summons, there was pending in the Circuit Court of Lafayette county, in the State of Missouri, a suit brought against him by the plaintiff in this suit, for the identical cause of action for which this suit was brought; that both the plaintiff and defendant then were and still are residents of Missouri; that for the purpose of defending that suit, it became necessary to take certain depositions in Chicago, Illinois, and for that purpose the defendant had caused a *dedimus* to be issued to a notary public of Cook county; that said depositions were to be taken on oral interrogatories, and the defendant was advised by his attorneys that his presence there was necessary; that thereupon, for the purpose of attending the taking of said depositions, and for no other purpose whatever, he left his home in Missouri and proceeded to Chicago, arriving there July 22d; that on July 23d said depositions were taken, and that the defendant was present instructing his attorneys in relation to the examination of the witnesses; that it was his

intention to and he did actually return to Missouri by the next train after the depositions were completed; that shortly after they were taken, and while the defendant was in consultation with his attorneys in relation thereto, and before he had time to return home, said summons was served on him.

We are of the opinion that the defendant, while engaged in taking depositions to be used in his suit in Missouri, and for such time thereafter as was necessary to return to his home in that State, was privileged from the service of summons. It is a principle as old as the common law, that all persons who, in the discharge of their duty, are in attendance upon courts of justice, and in going to and returning therefrom, are exempt from *arrest* on civil process. This is a privilege which extends alike to parties, witnesses, attorneys, jurors, and all others who are assisting in the administration of justice; and this immunity does not extend alone to persons who are in the immediate presence of the courts themselves, but to those also who are in attendance upon subordinate tribunals and officers appointed by the courts to assist them in the discharge of their duties. Thus, it is held to extend to a party attending the execution of a writ of inquiry : Walters v. Rees, 4 Moore, 34 ; to a witness attending before a magistrate to give his deposition under a rule of court : United States v. Edme, 9 Serg. & Rawle, 147 ; to a witness attending before a commissioner for a like purpose : Holmes v. Morgan, 1 Phila. 217 ; to a creditor or witness attending commissioners of a bankrupt : *Ex parte* King, 7 Vesey, 312; *Ex parte* Byne, 1 Ves. & B. 316; to witnesses before arbitrators : Sandford v. Chase, 3 Cow. 381; Randall v. Guney, 1 Chitty, 679; and to a party attending a reference under a rule of court : Cark v. Grant, 2 Wend. 257. This exemption is alike the privilege of the person and the privilege of the court, and it is designed to render the administration of justice free and untrammeled, and to protect from improper interference all who are concerned in it.

The weight of authority seems to be clearly in favor of the proposition that, as regards this privilege, there is no difference between writs of capias and writs of summons, but that the exemption extends to both alike. It was so held in Hayes

v. Shields, 2 Yeates, 222, where the defendant, a resident of New York, was served with summons as he was leaving the court house, where he had been in attendance upon the trial of a suit in which he was a party, in one of the courts of Pennsylvania. In Bolton v. Martin, 1 Dallas, 296, the same rule was applied to the privilege, from service of process, of a member of the State convention, assembled to deliberate in relation to the adoption of the federal constitution. In Miller v. McCullough, 1 Binney, 77, the defendant, a resident of another county, while attending court, upon an appeal from the settlement of his accounts as administrator, was served with summons. On motion to set aside the service, it was contended that he was only privileged from arrests, but the court replied that it had been repeatedly ruled that he was equally privileged from the service of summons. In Dugan v. Miller, 8 Vroom, 182, a party to a suit in chancery, who resided in another State and came into New Jersey to give testimony in his own behalf before a master in chancery, was held to be privileged from the service of summons while attending before the master, and going to and returning from the place where the examination was held. In Halsey v. Stewart, 1 South. 420, the defendant, a resident of New York, attended the Court of Common Pleas of Essex county, New Jersey, in the necessary prosecution of a suit to which he was a party, and on his leaving the court house a summons was served upon him. On his motion to be discharged from such service, it was contended that as there was no arrest, he was not entitled to the privilege claimed; but the court in granting the motion said: "Courts of justice ought everywhere to be open, accessible, free from interruption, and to cast a perfect protection around every man who necessarily approaches them. The citizen, in every claim of right which he exhibits, and every defense which he is obliged to make, should be permitted to approach them, not only without subjecting himself to evil, but even free from the fear of molestation and hindrance. He should also be allowed to procure, without difficulty, the attendance of all such persons as are necessary to manifest his rights. Now, this great object in the adminis-

tration of justice, would, in a variety of ways, be obstructed, if parties and witnesses were liable to be served with process while actually in attendance upon the court." The same rule was laid down in Huddeson v. Prizer, 9 Phila. 65.

But it is insisted that the defendant's right to be discharged from the service of the summons should have been pleaded in abatement, and that it was erroneous to quash the service on motion. To this view we are unable to assent. In every one of the cases above cited, the service was quashed on motion; and in Protection Life Ins. Co. v. Palmer, 81 Ill. 88, it is held that the question whether a summons has been properly served can not be raised by plea in abatement, the reason assigned being that the fact, if pleaded, would not give a better writ, since, if the return should be quashed, another writ precisely similar would issue.

Again it is claimed that the motion, not having been made at the first term of court after the service, came too late. The motion, it is true, is dilatory in its nature, and should be made in apt time, but as the defendant had entered no general appearance which could have the effect of a waiver of service of process, the motion to quash the service was in time.

We find no error in the record, and therefore affirm the judgment.

Judgment affirmed.