WM. M. GREGG, IMPLEADED WITH CHAS. O. GREGG,
v.
EDWARD C. SUMNER.

*Privilege of Parties and Witnesses from Service of Process in Civil Actions—Question may be Raised by Plea in Abatement or Motion—Office of Plea in Abatement.*

1.  Parties and witnesses while in good faith attending upon the trial of a cause in court are protected from service of legal process in civil actions, the privilege extending so long as·may be fairly required in going to and returning· from the place of trial.

2.  The question whether a party is entitled to the benefit of this privilege may be raised by plea in abatement, although it is often presented by motion.

3.  It is the office of a plea in abatement to set up matter which merely defeats the present proceeding, but does not bar the cause of action, and it must give the plaintiff a better writ.

*Protection Ins. Co.* v. *Palmer*, 81 Ill. 88, distinguished.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Vermilion County; the Hon. J. W. WILKINS, Judge, presiding.

Messrs. MOSES, NEWMAN & REED, for appellant.

Parties, witnesses and jurors are privileged from service of legal process in civil actions while in good faith they are in attendance upon a trial of a cause in court. This privilege exists during the time fairly occupied in going to and returning from the place of trial and hearing, as well as during the time when the party is in actual attendance at the place of trial. Brooks v. Farwell, 4 Fed. Rep. 166; Funeau Bank v. McSpedan, 5 Biss. 64; Bridges v. Sheldon, 7 Fed. Rep. 17; Plimpton v. Winslow, 9 Fed. Rep. 365; Lyell v. Goodwin, 4 McLean, 329; Person v. Grier, 66 N. Y. 124; Nichol v. Horton, 14 Fed. Rep. 327; Larned v. Griffin, 12 Fed. Rep. 590; Matthews v. Tufts, 87 N. Y. 568; Thompson's Case, 122 Mass. 428; *In re* Healy, 53 Vt. 694; Dungan v. Miller, 8 Vroom, 182; Grier v. Young, 17 Ill. App. 106.

Plea in abatement is a proper way to raise the question presented ·here.   There was an issue of fact as well as of law possible, and hence a plea was the proper practice.   Water-man v. Tuttle, 18 Ill. 292; Hamilton v. Dewey, 22 Ill. 490 ; Wallace v. Cox, 71 Ill. 548; Drake v. Drake, 83 Ill. 526; Gilker v. Vanderpool, 15 Johns. 242.

Messrs. O. L. DAVIS and J. B. MANN, for appellee.

A plea in abatement must be "to a certain intent in every particular," leaving on the one hand nothing to be supplied by intendment or construction, and on the other, no supposable special answer unobviated.   The pleader must not only answer fully what is necessary to be answered, but also must anticipate and exclude all such supposable matter as would, if alleged on the opposite side, defeat his plea.   Gould on Pleading, Chap. 3, 57, 58 ; Diblee et al. v. Davison, 25 Ill. 486.

The question of proper service should have been raised by motion.   Grier v. Young, 17 Ill. App. 106 ;   Protective Life Ins. Co. v. Palmer, 81 Ill. 88.

WALL, J.   The present suit was commenced in the Circuit Court of Vermilion County.   The appellant filed his plea in abatement, alleging that he was a citizen and resident of Cook County, and that at the time of the service of summons herein he was in Vermilion County for the purpose of testifying in a certain cause then pending in the Circuit Court, in which he was a party plaintiff, having come there upon the advice of counsel for said purpose, and that after he had so testified and while the jury were considering the case, and while he was still in the court room, and before he had time to take his departure, he was served with the said summons.   The Circuit Court sustained a demurrer to the plea, and the appellant not answering further, judgment was entered for the plaintiff.   The plea clearly shows that service was had while appellant was in attendance as a suitor and witness in the court and before a reasonable time for him to depart from the court had elapsed, and the question is whether in a legal sense he was "found" in the county when served with the summons.   There is no doubt

that by the great weight of authority, it is an established and well settled principle that parties and witnesses are privileged from service of legal process in civil actions while in good faith attending upon the trial of a cause in court, and the privilege extends in point of time so long as may be fairly required in going to and returning from the place of trial as well as while the party is in actual attendance there. Among many may be cited the following : Larned v. Griffin, 12 Fed. Rep. 590; Person v. Grier, 66 N. Y. 124 ; Matthews v. Tufts, 87 N. Y. 568 ; Edward Thompson's Case, 122 Mass. 428 ; Dungan v. Miller, 8 Vroom, 182 ; Grier v. Young, 17 Ill. App. 106.

It is urged, however, that the question was not properly raised by plea in abatement, but should have been presented by motion.

There are many cases where a motion has been entertained for this purpose, and in modern practice, for the sake of convenience, motion has been substituted for plea in abatement with the apparent sanction of the court in sundry instances, where, strictly speaking, it might not seem exactly technical or logical, but we do not think the innovation has gone so far as contended for.

The office of a plea in abatement is to set up matter which merely defeats the present proceeding but does not show that the plaintiff is forever concluded, and it must give the plaintiff a better writ. 1 Ch. Pl., 446 *et seq.*

Technically considered, the facts set up here present matter in abatement of the present suit, but do not bar the plaintiff forever.

The case of Protection Ins. Co. v. Palmer, 81 Ill. 88, cited by counsel, is not in point.

There the writ was served upon one who was supposed to be the agent of defendant corporation but was not, and the court said there was no error in striking from the files a plea in abatement based on this mistake, because, if the person served was not the agent and the return was quashed, it would not give a better writ. A better service might be had, but not a better writ. For aught appearing the suit was commenced in the proper county. Here the facts pleaded show that

Cook, not Vermilion, was the proper county in which to sue and this gives the plaintiff a better writ.   We are of opinion the court erred in sustaining the demurrer to the plea in abatement.   The judgment will be reversed and the cause remanded.

*Reversed and remanded.*