Owen, C. J.
The sole question for our determination is whether a person attending the hearing of an application for an injunction in a case in which he is interested as a party, in a jurisdiction outside of that of his residence, is privileged from the service o.f summons while going to, remaining at, and returning from, the hearing of such application.
The question is one which profoundly concerns the free and unhampered administration of justice in the courts. That suitors should feel free and safe at all times to attend, within any jurisdiction outside of their own, upon judicial proceedings in which they are concerned, and which require their presence, without incurring the liability of being picked, up and held to answer some other adverse judicial proceeding against them, is so far a rule of public policy, that it has received almost universal recognition wherever the common law *41 is known and administered. Lyell v. Goodwin, 4 McLean, 29; Miles v. McCullough, 1 Binney, 77 ; Bolton v. Martin, 1 Dallas, 396 ; Hayes v. Shields, 2 Yeates, 222; Wetherill v. Seitzinger, 1 Miles, 237; Greer v. Youngs, 17 Ill. App. 106 ; Halsey v. Stewart, 1 Southard, 366 ; Huddison v. Prizer, 9 Phila. 65; Holmes v. Nelson, 1 Phila. 217; Matthews v. Tufts, 87 N. Y. 568 ; In re Healey, 53 Vt. 694; Juneau Bank v. McSpedan, 5 Bissell, 64; Anderson v. Rountree, 1 Pinney (Wis.) 115; Lamkin v. Starkey, 7 Hun. 479; Dungan v. Miller, 37 N. J. Law, 182; Seaver v. Robinson, 3 Duer. 622; Merril v. George, 23 Howard Pr. 331; Cole v. Hawkins, Andrews, 275 ; Parker v. Hotchkiss, 1 Wall. Jr. 269; Person v. Grier, 66 N. 124.
The contention that the application of this principle should be or is confined to cases where the suitor is served with process while attending upon judicial proceedings without his state, is not supported by sufficient force of reason to justify the distinction. The cases may differ in degree but not in the principle involved.
It is maintained, however, that in this state the subject is regulated, and the question determined, by statute; that sections 5022 to 5030, inclusive, fix the rights of parties litigant as to the jurisdiction within which defendants may be served and required to answer. It is conceded that none of these provisions affect or apply to the case at bar. Section 5031, it is asserted, applies to all other actions of every kind. It provides : “ Every other action must be brought in the county in which a defendant resides, or may be summoned, except actions against an executor, administrator, guardian, or trustee,” etc.
It is maintained further, that if other evidence were required, that the entire matter of immunity from service of a summons was intended to be covered by statute, it is furnished by those provisions which regulate immunity from* civil arrest.
Section 5457 designates particularly all the persons who shall either absolutely, or at certain times, be privileged from arrest, and it includes “ all suitors * * * while going to, attending, or returning from court.” Section 5458 fixes the *42 time and places which shall be free from the disturbance liable to follow from an arrest.
Section 5459 provides:
“Nothing in this subdivision contained shall be construed to extend to cases of treason, felony or breach of the peace, or to privilege any person herein specified from being served at any time with a summons or notice to appear; and all arrests, not contrary to the provisions herein contained, made in any place, or on any river or watercourse within or bounding upon the state, shall be deemed lawful.”
Counsel for defendant in error say, concerning the foregoing provision:
“ This language, taken in connection with the other sections already alluded to, would seem to admit of no doubt that the legislature fully considered the entire subject and attempted to regulate it; and in so doing recognized that, while the arrest of a suitor during the progress of his suit and for a reasonable time in going to and returning from it, might subject him to serious interruption, the service of summons in a civil action could have no such effect.”
We shall see that this view has not been adopted by the judiciary of our state. In Compton v. Wilder, 40 Ohio St. 130, Wilder, a citizen of Pennsylvania, was extradited from that state upon a requisition issued by the governor of Ohio, upon application of Compton, in a, criminal prosecution instituted by him in Hamilton county. After W ilder had entered into a recognizance to appear before the court of common pleas at its then next term, and before conviction and before he had an opportunity to return to his home, he was served with both a summons and an order of arrest issued in a civil action brought by Compton against him in Hamilton county. On motion, not only the order of arrest but the summons was set aside. If the position of counsel is well chosen, the summons was improperly set aside. The court hold, however, and we think correctly, that both the order and summons were rightfully set aside.
If the contention of counsel is sound, the statutes above cited have provided for those cases where parties are decoyed by *43 trick and subterfuge from their own into a strange jurisdiction to be then called upon to answer to the suit of some adventurer, for surely the latter of these provisions is broad enough to cover such cases.
We are unanimously of the opinion, however, that the general assembly neither intended nor attempted to comprehend within the purview of these enactments cases where service of summons is procured and made in fraud of the law, or cases like the one at bar [admitted to be free of active fraud), where the tendency is to impede or embarrass the free and complete administration of justice in the courts.
The authorities already cited hold that privilege from the service of summons has existed from time immemorial, and has been upheld by both the federal and state courts. The rule of law announced'by them with such unanimity ought not to be considered to have been abrogated by any implication from the language used in section 5459. As the court say in Anderson v. Rountree, 1 Pin. (Wis.) 115, supra: “It is a principle of common law that privileges are not to be taken away by the general, comprehensive words of a statute; wre cannot do by construction what is not clearly authorized by the legislature.”
Sedgwick in his work on Statutory and Constitutional Law, page 318, says: “ An ancient and settled system ought not to be overturned except by clear, unambiguous, and peremptory language.”
In Matthews v. Tufts, 87 N. Y., supra, the court said: “ This immunity does not depend upon statutory provisions.”
The court in Lamkin v. Starkey, 7 Hun, 479, supra, said: “ The court has power independently of the statute to protect its officers, suitors and witnesses from molestation by means of process from the court; this special protection is- afforded for the sake of public justice.”
Our conclusion is that the language, “served at any time with a summons or notice to appear,” in section 5459 cited, supra, and “may he summoned,” etc., in section 5031, supra, is to be held to contemplate such a service of summons as, according to the course of proceedings at the common law (where capias corresponded in its uses to our summons) is free from *44 the objection that it is either in active fraud of the law or tends to impede or embarrass the administration of public justice, by deterring suitors from freely attending upon all proceedings-which concern them or require their presence. This language' contemplates such process and such service as by well-known principles constitute “ good service.”
The service upon Andrews was in clear violation of this salutary rule, and was properly quashed by the court of common pleas. In reversing this judgment the circuit court erred, and for this error the

Judgment of the cireuit court is reversed.