RANDALL CASSEM

*v.*

JAMES F. GALVIN.

*Filed at Ottawa October 11, 1895.*

1. ABATEMENT—*service while attending to take depositions in foreign county.* Attendance of a party acting as his own solicitor, to take depositions, in pursuance of notice, in a county other than his residence, will not exempt him from service of process in such county in a suit by the solicitor of the adverse parties, where his presence is not induced by fraud, artifice or trick.

2. CONTINUANCE—*on ground of surprise by an amendment.* A continuance on the grounds that under rules of court the applicant believed the cause would not be reached for trial, and of surprise at an amendment of the declaration, is properly refused, where the affidavit fails to comply with the statute requiring a party to state the particular facts he expects to prove.

3. EVIDENCE—*unwilling witness—leading questions.* Leading questions may, in the discretion of the court, be put to an unwilling and evasive witness.

4. SAME—*allegation and proof as to place of speaking slanderous words.* The place of the uttering of slanderous words may be proved to have been in a county other than that alleged in the declaration.

*Cassem* v. *Galvin,* 53 Ill. App. 419, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. DORRANCE DIBELL, Judge, presiding.

This was an action on the case, begun in the circuit court of LaSalle county, to recover damages for alleged slanderous words uttered by appellant against and concerning appellee. Both parties to the action are residents of Kane county. Appellant was served with summons while he was temporarily present in Ottawa, in LaSalle county, engaged in the taking of depositions in a chancery cause then pending in the circuit court of Kane county. Appellant was defendant in the chancery case, and also acting as solicitor for himself, and appeared in Ottawa to take the depositions in pursuance of notice

served on him by appellee, who was solicitor for complainants in the chancery cause.    To this action appellant pleaded in abatement, setting forth the above facts; that he was an actual resident of Kane county, and was only temporarily present in LaSalle county, in pursuance of notice to be present at the taking of such depositions; that his presence there was necessary to preserve his legal rights, and that while actually engaged in the taking of such depositions he was served with the summons in this case.    By this plea he claims immunity from service of process while in LaSalle county for such purpose. Demurrer was entered to this plea in abatement, which demurrer was sustained by the trial court.    The general issue was then filed and the trial entered upon.    After the jury was impaneled the court permitted the declaration to be amended by filing an additional count, which was amended after a demurrer had been sustained to it. Appellant then presented a motion for continuance, alleging that he was taken by surprise by the amendment filed, and also setting up the rules of court of that county, under and by which he alleged that he had not expected such cause would be reached for trial until a later date. This motion was by the court overruled, and the trial resulted in a verdict for appellee of $5000.    On a motion for new trial the circuit court ordered a *remittitur* of $4000, and on such being made the court overruled the motion for new trial and rendered judgment on the verdict for $1000.    An appeal was prosecuted to the Appellate Court for the Second District, where this judgment was affirmed, and from that judgment of affirmance this appeal comes to this court.

McDougall & Chapman, for appellant:

The court erred in sustaining the demurrer to the plea in abatement.    Rev. Stat. sec. 2, chap. 110; *Tiffany* v. *Spalding*, 22 Ill. 493; *McFerran* v. *Wherry*, 5 Cranch, 677; *United States* v. *Stansbury*, 1 Pet. 573; *Bank* v. *McSpedan*, 5

Biss. 64; *Brooks* v. *Farwell*, 2 McCreary, 220; *Hayes* v. *Shields*, 2 Yeates, 222; *Miles* v. *McCullough*, 1 Binn. 76; *United States* v. *Edme*, 9 S. & R. 147; *Norris* v. *Beach*, 2 Johns. 294; *Sanford* v. *Chase*, 3 Cow. 381; *Harris* v. *Grantham*, Coxe, (N. J.) 142; 2 Taylor on Evidence, sec. 1139; 1 Greenleaf on Evidence, sec. 316; 1 Wharton on Evidence, sec. 389; *Bolgiano* v. *Gilbert Lock Co.* 73 Md. 132; *Andrews* v. *Lembeck*, 46 Ohio, 38.

Exemption from service of process is held to extend to a party or a witness attending on an arbitration, under a rule of court. (*Sanford* v. *Chase*, 3 Cow. 381.) To a party attending the execution of a writ of inquiry. (*Walter* v. *Rees*, 4 Moore, 34.) To a bankrupt and witnesses attending before the commissioners, on notice, and to a witness attending before a magistrate to give his deposition. *United States* v. *Edme*, 9 S. & R. 147; *Holmes* v. *Morgan*, 1 Phil. 217.

Some of the earlier cases hold that the privilege extends to immunity from arrest, merely, but these are overruled by the later decisions. *Norris* v. *Beach*, 2 Johns. 294; *Person* v. *Grier*, 66 N. Y. 124; *Sanford* v. *Chase*, 3 Cow. 381; *Hopkins* v. *Coburn*, 1 Wend. 292; *Seaver* v. *Robinson*, 3 Duer, 622; *Merrill* v. *George*, 23 How. 331; *Clarke* v. *Grant*, 2 Wend. 257; *Mathews* v. *Tufts*, 87 N. Y. 568; *Miles* v. *McCullough*, 1 Binn. 77; *United States* v. *Edme*, 9 S. & R. 149; *Bolton* v. *Martin*, Dall. 296; *Thompson's case*, 122 Mass. 428; *McNeil's case*, 6 id. 245; *Wood* v. *Neale*, 5 Gray, 538; *May* v. *Shunmay*, 16 id. 86; *Harris* v. *Grantham*, 1 Coxe, 142; *Ex parte Tillotson*, 2 Stook, 470; *Wetherell* v. *Seitzinger*, 1 Miles, 237; *Dungan* v. *Miller*, 8 Vroom, 182; *Cole* v. *Hawkins*, Andr. 275.

Plea in abatement is a proper way to raise the question presented here. There may be an issue of fact as well as of law possible, and hence a plea is the proper practice. *Waterman* v. *Tuttle*, 18 Ill. 292; *Hamilton* v. *Dewey*, 22 id. 490; *Tiffany* v. *Spalding*, 22 id. 493; *Hardy* v. *Adams*, 48 id. 532; *Dunlap* v. *Turner*, 64 id. 47; *Scott* v. *Walker*, 65 id. 181; *Wallace* v. *Cox*, 71 id. 548; *Drake* v. *Drake*, 83 id. 526; *Small* v.

*Montgomery,* 23 Fed. Rep. 707; *Larned* v. *Griffin,* 12 id. 490; *King* v. *Doit,* 4 Day, 130; *Case* v. *Rorabacher,* 15 Mich. 537; *Fulio* v. *Bolles,* 22 L. R. 354; *Gilker* v. *Vanderpool,* 15 Johns. 242; *Hoppens* v. *Fenckes,* 8 R. I. 453; *Randall* v. *Gurney,* 3 B. & A. 252.

The court erred in refusing to grant a continuance. *Downey* v. *O'Donnell,* 92 Ill. 559; *Miller* v. *Metzger,* 16 id. 390; *Brown* v. *Smith,* 24 id. 196.

MOLONEY & BURKE, and SAMUEL RICHOLSON, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The errors assigned on the record in this court are, that the Appellate Court erred in not reversing the judgment of the circuit court, and that it erred in affirming the judgment of the circuit court sustaining the demurrer to the plea in abatement.

In support of his position that the court should have overruled the demurrer to the plea in abatement, appellant cites section 2, chapter 110, of the Revised Statutes, which provides: "It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions," etc. Appellant contends that under the facts stated in his plea of abatement he was not legally or lawfully found in the county of LaSalle, and that such service, and the bringing of suit in that county, violated his privilege as a suitor, where he was entitled to immunity from such service of process. Notwithstanding the authorities in some States support the doctrine that a party, under the state of facts set forth in this plea, is exempt from service of civil process, the rule is different in this State. It does not appear from this record that the presence of appellant in a foreign county was induced by any fraud, artifice or trick on the part of appellee or any one acting for him.    He was present in a county foreign to the one

in which he resided, in pursuance of a notice to take depositions before a notary public in a case in which he was interested, and the fact that he was served with process while thus engaged imposed no greater hardship or difficulty in making a proper defense in his case than if he were served while there giving attention to any other business. The facts stated in this plea come clearly within the rule laid down in *Greer* v. *Young*, 120 Ill. 184, in which service of process under such circumstances was held to bring the defendant under the jurisdiction of the court from which process issued, and we see no good reason to depart from that rule. The demurrer to the plea in abatement was properly sustained.

Under the assignment of error in this court that the Appellate Court erred in not reversing the judgment of the circuit court, one of the errors assigned in the Appellate Court is that the trial court erred in overruling the motion of appellant for a continuance. Following an amendment to the declaration, permitted by the court after the jury was impaneled, appellant filed his motion for a continuance, which, after setting forth certain rules of court, under which appellant alleged he had reason to believe said cause would not be reached for trial until a later date, then shows that he is taken by surprise by such amendment; that he is not prepared to go to trial; that he has a good defense on the merits, and if the cause is continued until next term of court he will be able to present a good defense on the merits, etc. Section 25 of chapter 110 of the Revised Statutes, (as amended in 1875,) which is the only section under which this affidavit could have been presented, provides that in such case the party shall set forth in his affidavit the particular facts he expects to prove, etc. This affidavit is not in compliance with that section of the statute, and did not present a sufficient ground for continuance, and it was therefore not error for the court to overrule it and refuse to grant the continuance.

The circuit court allowed a wide latitude in the examination of the witness Little for plaintiff in this case; but such matters are largely in the discretion of the trial court, and we are not prepared to say that there was an abuse of this discretion. An examination of this record evidences that the witness was unwilling and evasive, and in such cases leading questions are permissible, in the discretion of the court.

Complaint is also made that proof of the uttering of the slanderous words in Kane county should not have been permitted when the declaration alleged that they were uttered "in the county aforesaid," the venue being in LaSalle county. To admit such proof it is not necessary that the place of uttering be stated under a *videlicit.* The action is transitory and the place not material, and it may be proved different from that alleged in the declaration. *Hurley* v. *Marsh*, 1 Scam. 329; *Owen* v. *McKean*, 14 Ill. 459; 3 Smith's Leading Cases, 1076.

On the trial of this cause a large number of instructions were asked on behalf of both parties,—nine for plaintiff and twenty-seven for defendant,—of which latter number sixteen were given after the modification of seven of them by the court. We have carefully examined all the objections made by counsel to the giving and refusing of these instructions and the modifications made by the court. A detailed discussion of all these would necessarily involve much space, and no good purpose would be served thereby. It is sufficient to say that the jury were fully instructed on the case as presented to them, and that it was proper for the court to modify the instructions which it did.

The judgment of the Appellate Court for the Second District is affirmed.

*Judgment affirmed.*