## James C. Lewis v. Marie Schwinn et al.

1. SERVICE OF PROCESS—*Upon Persons Attending Legal Proceedings.*—A plea alleging that the defendant is a resident of an adjoining county, and not of the county in which the suit is brought, and that he was served with process in the latter county, while there for the purpose of attending the taking of testimony in a certain other cause pending between him and one of the plaintiffs in the Circuit Court of said last-named county, is not a good plea in abatement.

2. ABATEMENT—*Plea of Former Suit Pending.*—A plea alleging that before the commencement of the suit the plaintiffs had impleaded the defendant in the Circuit Court of another county in a suit on the same cause of action in the declaration .mentioned, that the parties in both suits were the same, and that the former suit is still pending and undetermined, is a good plea in abatement.

Trespass on the Case, for deceit. Appeal from the Circuit Court of Tazewell County; the Hon. N. W. GREEN, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed June 16, 1897.

HAMMOND & WYETH, attorneys for appellant.

On demurrer sustained to plea in abatement and order to plead over, defendant does not waive his rights by pleading to the merits, but may assign error. Galveston, etc., R. Co. v. Hook, 40 Ill. App. 547; Delahay v. Clement, 3 Scam.

201; Weld v. Hubbard, 11 Ill. 573; Drake v. Drake, 83 Ill. 526.

Even where defendant asks leave, or the above order is not entered, the question on good authority is saved. Branigan v. Rose, 3 Gil. 129; Union, etc., Ass'n v. Rill, 38 Ill. App. 423; Weld v. Hubbard, *supra.*

The first plea in abatement was that .defendant resided in Peoria and not Tazewell county, and that while attending at Pekin, in Tazewell county, as complainant in his own suit, pending in Tazewell county, and against Mary Schwinn and others, and for no other business, he was served with process in the present suit.

This is properly presented by plea in abatement. Gregg v. Sumner, 21 Ill. App. 110; Drake v. Drake, 83 Ill. 526.

Under the policy of the law, the defendant was exempt from service in Tazewell county under the circumstances alleged. Greer v. Youngs, 17 Ill. App. 106; Gregg v. Sumner, 21 Ill. App. 110; Statutes, Chap. 110, Sec. 2.

" The right of a party to be sued in the county where he resides, and to have his cause tried there, is statutory, and he ought not to be denied that right—a right to him, in many instances, of the utmost importance—by any technical and metaphysical learning in regard to pleas in abatement." Humphrey v. Phillips, 57 Ill. 132.

The plea was correct in form and conclusion. Drake v. Drake, 83 Ill. 526;· Union Nat. Bank v. First Nat. Bank, 90 Ill. 56.

If not correct in form, the objection should have been by special demurrer. Buckles v. Harlan. 54 Ill. 361.

And especially as the pleas are amendable. Drake v. Drake, *supra;* Midland,. etc., R. Co. v. McDermid, 91 Ill. 170.

The second plea in abatement was of another suit pending in Peoria county, the residence of the defendant, for the same cause of action, at the time of plea filed.

This was a good plea. A party may pursue different remedies at the same time, but has no right to harass the defendant by more than one suit of the same kind. Bran-

igan v. Rose, 3 Gil. 123; Delahay v. Clement, 3 Scam. 201; Bancroft v. Eastman, 2 Gil. 259.

If either the second plea was good, or the two pleas were good, judgment would be given on the second, that the suit abate; if the first plea was good, and the second not, the judgment would have been that the plaintiff be without day, until, etc.

The first plea, as we have seen, concludes properly. It is not a plea to the jurisdiction of the court. Humphrey v. Phillips, 57 Ill. 132 (136); Kenney v. Greer, 13 Ill. 449.

T. N. Green and Jos. A. Weil, attorneys for appellees.

Opinion per Curiam.

This was an action on the case for deceit.

The plaintiff obtained a verdict and judgment from which the defendant has prosecuted this appeal.

Among the errors assigned is the action of the court in sustaining a demurrer to certain pleas in abatement filed by defendant: 1st, that defendant was a resident of Peoria county and not of Tazewell, in which the suit was brought, and that he was served with process in the latter county while there for the purpose of attending the taking of testimony in a certain other cause pending between him and one of said plaintiffs in the Circuit Court of said last named county; 2d, that before the commencement of this suit the plaintiffs had impleaded him in the Circuit Court of Peoria County in an action on the case for the same cause of action in the declaration in this suit mentioned; that the parties in both suits were the same and that the said former suit was still pending and undetermined.

The first of these pleas was bad and the demurrer thereto was properly sustained. Greer v. Young, 120 Ill. 184.

The second plea of prior action pending was good. 1 Ch. Pl. 454; 3 Id. 903–4; Branigan v. Rose, 3 Gil. 123.

It was error to sustain the demurrer thereto.

It is unnecessary to consider the other errors assigned. The judgment will be reversed and the cause remanded.