## A. F. Brya, Appellee, v. James L. Thomas, Appellant.

### Gen. No. 5,861.

1. VENDOR AND PURCHASER, § 327*—*when purchaser entitled to earnest money for failure of vendor to furnish sufficient abstract.* In an action against a vendor to recover earnest money paid under a written contract for a conveyance of land in which the vendor agreed to furnish on a certain date a complete abstract of title certified by a competent abstractor, showing a merchantable title in himself, provided if there appeared to be material defects he should have a reasonable time to clear the title and be entitled to prosecute

a suit for such purpose if necessary, *held* that the purchaser was entitled to recover the earnest money paid with interest, for the reason that the defendant failed to perform the contract by tendering an abstract showing a merchantable title.

2. VENUE, § 4*—*when defendant properly found in county for purpose of process.* Where a person in obedience to a subpœna issued in a certain suit goes to a county other than his residence and while there is served with a summons in another case, *held* that in the absence of fraud, artifice or trick on the part of plaintiff or some one acting for him in order to obtain the service, such person was properly found in such county within the meaning of the statute.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

O'HARRA, O'HARRA, WOOD & WALKER and JACK, IRWIN, JACK & MILES, for appellant.

DOBBINS & DOBBINS and BARNES & BURKE, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

July 24, 1905, appellant, James L. Thomas, and appellee, A. F. Brya, entered into a written contract providing for the conveyance by appellant to appellee of the northeast quarter and the east 62 acres of the northwest quarter of section 18, township 3 north, range 6 west of the fourth principal meridian in Hancock county, Illinois, on March 1, 1906, for a consideration of $22,422. Appellant agreed to furnish on or before September 1, 1905, a complete abstract of title certified by a competent abstracter, showing a merchantable title in himself, provided if there appeared material defects he should have a reasonable time to clear the title, and if a proceeding in court for that purpose should be necessary he should have the opportunity and option to begin and prosecute a suit before the sale should be void. Appellee paid $1,200 on the purchase price and agreed to pay the balance March 1,

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

1906, on the delivery of the deed. There was a provision for forfeiture of $1,200 by either party failing to perform his part of the contract. September 10, 1905, appellant submitted an abstract, which in the opinion of appellee's attorney did not show a merchantable title, and they pointed out various alleged defects. December 10, 1905, appellant again tendered the abstract revised and supplemented, showing that several of the defects complained of arose from mistakes of the abstracter, and on January 2, 1906, appellee's attorneys refused to pass the title, and on January 6th notified appellant's attorney that because of failure to furnish abstract as provided in the contract appellee had elected to declare the contract at an end. The Circuit Court of Hancock county had regular terms in October, March and June. Appellant, after receiving this notice of January 6th, filed a bill to the March term to correct the title, and at that term filed an amendment, making additional parties defendant, and at the June term obtained a decree; and July 26, 1906, again tendered the abstract supplemented, it is said, to cover that decree, with deed of the premises, and demanded full payment of the balance of the purchase price. Appellee refused.

This suit was brought by appellee to recover the $1,200 paid on the purchase price with interest thereon; and on a trial before the court without a jury appellee had judgment for $1,620, being the full amount with interest at five per cent. from July 26, 1906, the date of the tender of the deed and the last abstract. The abstract of record filed here does not show the supplement to the abstract of title tendered July 26th. It is said that it was an abstract of the same record shown here. If we assume it was substantially the same abstract, then it showed a defect of title arising from the fact that the northwest quarter section contained 211.86 acres instead of 160 acres, and in the chain of title it appeared that the owner of the quarter section at one time conveyed 100 acres off the north side, and after-

wards conveyed the south half of the quarter, leaving a strip extending through the tract from east to west not covered by either conveyance. Appellant's record title to the east 62 acres of the quarter section was traced through these conveyances and rested on the assumption of a mistake of the scrivener in making the second deed, above mentioned, which should have described that part of the quarter section not conveyed by the first deed. One purpose of the proceeding in court was to correct this mistake and misdescriptions appearing in subsequent deeds because of this misdescription. Various parties to those deeds were brought into court and a decree entered reforming the deeds. In the chain of title so sought to be corrected were deeds to and from John C. Weaver, each of which deeds the court found contained mistaken descriptions that should be reformed, and entered a decree accordingly, but before the decree was entered the cause was dismissed as to John C. Weaver, which of course left that part of the decree entirely void as to him. There are many other alleged defects in the title as shown by the last amended abstract, but this was the most serious one. Other necessary defendants were in court on service by publication only, and as to them the decree may be said to be insufficient under the authority of *Smith v. Hunter*, 241 Ill. 514, because of their right to come in later and petition to open the decree.

We are of the opinion that the title of appellant was so materially defective at the date of the contract as to be unmerchantable; that this should have been known by appellant at least by September 1, 1905, when he agreed to furnish appellee the abstract; that the defects were of such a character that he should have known a proceeding in court was necessary to make the title merchantable; that he could and should have filed a bill for that purpose to the October term of court; that failing to do that he should, in his bill filed to the March term, have made all necessary parties; having failed to do this he should not complain if appellee was dis-

inclined to take the title and possession July 26th instead of the first of March. It is argued that even if the title was defective as to a small portion of the land, still under the authority of *D'Wolf v. Pratt,* 42 Ill. 198, and *Towner v. Tickner,* 112 Ill. 217, appellee should have taken it and deducted a proper amount from the purchase price for the land to which the title was defective. There is nothing in the record showing the relative value of that portion of the land, and there was no offer by appellant to accept anything short of full payment of the purchase price. We do not regard the case within the rule announced in those two cases. It is argued that appellee wrongfully repudiated the contract before March 1, 1906; therefore appellant was excused from tendering performance on that date and might treat the contract as still in force and tender the deed and abstract in a reasonable time. If this be conceded, still, as we have said, the abstract did not show a title in compliance with the contract, and it is common knowledge that midsummer is not the season when it is practicable to exchange possession of farm lands.

We are of the opinion that the trial court did not err in holding that appellant had failed to perform his part of the contract, and that the decision would be correct if it rests entirely on the ground that the abstract tendered with the deed on July 26, 1906, did not show a merchantable title in appellant.

Error is assigned on the action of the court in allowing interest on the amount claimed. *Treat v. Smith,* 139 Ill. App. 262, affirmed by the Supreme Court in 234 Ill. 552, is authority for the position that appellee was entitled to interest from the time when appellant refused to perform the contract.

We are of the opinion that the trial court did not err in finding that appellant, in effect, so refused on July 26, 1906, when the last abstract was tendered, and allowing interest from that date.

Appellant was not a resident of Peoria county at the time of service of summons on him in this case but was only there in obedience to a subpœna issued in another case, with which appellee, the plaintiff here, had no connection, and while so involuntarily there he was served with summons in this case, and by proper plea he raised the question whether under those circumstances he was, as matter of law, found in Peoria county. A demurrer to this plea was sustained and he assigns error.

Whatever may be the holdings in other jurisdictions, it is settled law in this State that in the absence of fraud, artifice or trick on the part of appellee or some one acting for him, in order to obtain the service in question, appellant was properly found in Peoria county within the meaning of the statute. *Willard v. Zehr,* 215 Ill. 148, and authorities there cited. Therefore the court did not err in sustaining the demurrer to the plea.

The judgment is affirmed.

*Affirmed.*