Leonard F. Sbertoli, Appellant, v. John Clark, Appellee.

Gen. No. 35,241.

McSurely, J., dissenting.

Opinion filed October 19, 1931.

Rudolph & Arthur E. Frankenstein, for appellant; Rudolph Frankenstein, of counsel.

Blanksten, Freeman & Freeman, for appellee; Harold S. Lansing, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action in the circuit court of Cook county to recover damages claimed to have been sustained by him on account of a malicious prosecution instigated by the defendant. Defendant, after being served with process, entered his special and limited appearance for the sole and only purpose of contesting the jurisdiction of the court. He filed a plea in abatement in which he alleged that he was a

resident of Franklin county, Illinois, and that he was in Cook county at the time service was sought to be made upon him by the sheriff of Cook county for the sole and only purpose of testifying in a civil suit then pending in the municipal court of Chicago, in which case he was plaintiff. Plaintiff filed a replication to this plea in which it was averred that the defendant was properly served and plaintiff tendered issue. The question raised by the plea and replication was submitted to the court for trial, and after hearing the evidence the court quashed the service and in effect dismissed the suit, and plaintiff appeals.

Plaintiff contends that such plea is not available to the defendant because under the law, a plea in abatement must be filed at the earliest opportunity and the defendant did not file his plea in apt time because when he filed his special appearance, he demanded a trial by jury and later made another special demand for a jury trial; that he filed a motion to quash the service and writ which was stricken from the record, and he was then given leave to file his plea in abatement which he then filed. We think it clear that plaintiff is in no position to urge this contention because, after defendant filed his plea in abatement, plaintiff replied tendering issue, which raised questions of fact and a trial was had on this issue by the court without objection.

The question, therefore, for determination is: Under the undisputed facts disclosed, was the service of the summons sufficient for the court to obtain jurisdiction of the defendant? In most of the states of the union, and in the federal courts, where the question of service of process has arisen, where the facts were in substance similar to the facts in the case before us, it is held such service is bad and insufficient but the rule in Illinois is contrary to such holding. *McNab v. Bennett*, 66 Ill. 157; *Greer v. Young*, 120 Ill. 184; *Cassem v. Galvin*, 158 Ill. 30; *Willard v. Zehr*, 215 Ill.

148; *Lewis v. Schwinn*, 71 Ill. App. 265; *Brya v. Thomas*, 186 Ill. App. 281. There are, however, three cases decided in the Appellate Courts of this State which hold contrary to the cases just cited. They are: *Greer v. Young*, 17 Ill. App. 106; *Gregg v. Sumner*, 21 Ill. App. 110; and *Beatty v. Monahan*, 240 Ill. App. 240. The opinion in the case of *Greer v. Young*, was filed by the Appellate Court of the first district, October 22, 1885, and in *Gregg v. Sumner*, the opinion was filed by the Appellate Court of the third district, August 26, 1886, and one of the authorities relied upon in the *Gregg* case was the opinion rendered in the *Greer* case. After these two opinions were handed down, the Supreme Court on March 22, 1887, reversed the Appellate Court of the first district in the *Greer* case (*Greer v. Young*, 120 Ill. 184). The opinion in *Beatty v. Monahan, supra,* rendered by the Appellate Court of the second district, seeks to distinguish the *McNab, Cassem, Greer* and *Willard* cases, *supra,* on the facts, but we think the distinction there sought to be made is not of controlling importance.

Paragraph 6, ch. 110, Cahill's 1931 Statutes, so far as it is pertinent here, in regard to the service of process provides: "It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found." And in *McNab v. Bennett* (66 Ill. 157, *supra*), it was held that if a defendant voluntarily leaves his residence in one county and goes to another county, or if he is seized when properly chargeable with a crime and taken to another county, he may be said to be found there within the meaning of the statute which we have above quoted, but that it would be a perversion of the object of the law to permit the arrest of a person upon false and fraudulent pretenses and taking him from the county in which he resides to another for the sole purpose of having him served with process in a civil suit.

In *Greer v. Young*, 120 Ill. 184, suit was brought in the superior court of Cook county. The summons was served on the defendant by the sheriff of Cook county. The defendant filed a special appearance and a motion to quash the summons alleging that he was a nonresident of Illinois, and at the time he was served he was in Cook county for the purpose of attending legal proceedings and for no other purpose. The motion was supported by defendant's affidavit in which he set up that both plaintiff and defendant were residents of Missouri and that plaintiff had brought suit against the defendant in that State for the identical cause of action and that the same was still pending and that in defending the suit pending in the Missouri court, it was necessary to take depositions in Chicago and that defendant came to Chicago for that purpose only, and while engaged in that work, he was served with process by the sheriff of Cook county. The court quashed the service, dismissed the suit, and its judgment was affirmed in the Appellate Court. (*Greer v. Young*, 17 Ill. App. 106, *supra*.) The Supreme Court reversed the judgment of both courts. The court there said: (p. 187–188) "The most important question in the case, is whether the circumstances shown, even if properly pleaded in due time, warranted the court in setting aside the service of the process and dismissing the suit. There is clearly no ground for the claim that the plaintiff or his counsel had any agency in inducing the defendant to leave Missouri and go to Chicago, for the purpose of having process served on him in the latter place,—in other words, it is not claimed, nor is there any ground for the claim, that service of process upon the defendant was obtained by any artifice, trick or fraud, on the part of the plaintiff, his counsel, or any one else acting in his interest. The question then arises, can one who voluntarily leaves his own State, and comes to this, for the pur-

pose of taking depositions before a notary, be lawfully served, by reading, with civil process, while here on such business? . . . The right of the plaintiff, then, to sue the defendant here, was the same as that of any one else having a claim against him. The ruling of the court, therefore, must be rested entirely upon the privilege or immunity which the common law has, from a very early period, extended to parties and witnesses in a lawsuit while attending court, including going and coming. This rule is found in all the text books, and, in most of the cases we have examined, is expressly limited to cases of *arrest* on civil process. 1 Tidd, (1st Am. ed.) 174; 3 Blackstone, side page 289; 1 Greenleaf on Evidence, secs. 316, 317; 2 Bouvier's Law Dic. 284.

"The rule as laid down in the above works, is fully sustained by an almost unbroken current of authority, . . .

"While, as we have just seen, the exemption, by the general current of authority, applies only to arrests, yet in some of the States, notably New York, it has been extended to cases of service by summons, . . . No sufficient reason is perceived for departing from the general current of authority on this subject, merely because some two or three of the States have, through perhaps a spirit of comity, more than anything else, seen proper to do so. The mere service of a summons upon a nonresident, when in another State for the purpose of taking depositions to be used in an action to which he is a party in his own State, imposes no greater hardship upon him than to be served with process out of his own State when attending to any other kind of business. In either case, he is usually afforded ample time to prepare his defense, if he has any."

In the *Cassem* case, 158 Ill. 30, it was held that the attendance of a party acting as his own solicitor in

taking depositions in a county other than his residence will not exempt him from service of process in such county where his presence is not induced by fraud, artifice or trick. In that case both parties were residents of Kane county, Illinois, and a chancery suit was there pending. One of the parties to that case went to LaSalle county to take depositions in that case and while in that county was served with process. The court held the service was good, saying (p. 33): "Appellant contends that under the facts stated in his plea of abatement he was not legally or lawfully found in the county of LaSalle, and that such service, and the bringing of suit in that county, violated his privilege as a suitor, where he was entitled to immunity from such service of process. Notwithstanding the authorities in some States support the doctrine that a party, under the state of facts set forth in this plea, is exempt from service of civil process, *the rule is different in this State.* (Italics ours.) It does not appear from this record that the presence of appellant in a foreign county was induced by any fraud, artifice or trick on the part of appellee or any one acting for him. He was present in a county foreign to the one in which he resided, . . . to take depositions before a notary public in a case in which he was interested, and the fact that he was served with process while thus engaged imposed no greater hardship or difficulty in making a proper defense in his case than if he were served while there giving attention to any other business. The facts stated in this plea come clearly within the rule laid down in *Greer v. Young*, 120 Ill. 184, . . . and we see no good reason to depart from that rule."

It will thus be seen that although the court recognizes the rule was different in other States, it adhered to the rule laid down in *Greer v. Young*, 120 Ill. 184. And we think the fact that in the *Cassem* case plaintiff

was taking depositions before a notary public and not appearing in the trial of a case in court, is not sufficient to hold the rule inapplicable to the case at bar.

In the *Willard* case (215 Ill. 148), a resident of Missouri was brought into Tazewell county of this State under arrest on a criminal charge and a plea in abatement filed in that case was held bad because there was no allegation in the plea that the party was not guilty of the criminal charge made against him. The court there said (p. 155): ''The defendant was found and duly served in Tazewell county, and we have held that unless he was there by reason of some fraud, artifice or trick on the part of the plaintiff, or some one acting for him, in order to obtain service upon him, he was properly found within that county, within the meaning of the statute. *Cassem v. Galvin,* 158 Ill. 30; *Greer v. Young, supra* (120 Ill. 184); *McNab v. Bennett,* 66 Ill. 157.'' And the court there further said (p. 156): ''Does the plea aver that the defendant was not found in Tazewell county within this rule of pleading? We think not. True, it states with certainty and definiteness that he was a resident of Jasper county. State of Missouri, and that he was not, at the time he was served, voluntarily in said Tazewell county but was there under arrest, and had been brought from his home in Missouri under arrest, upon a *capias* issued out of the county of Tazewell; but these facts were not sufficient to exempt him from service of summons in the county in which he was in fact found.'' (Citing cases.) ''He was required to go farther, and show that he was not properly charged with the crime for which he was arrested and brought into the said county.''

In *Brya v. Thomas, supra,* 186 Ill. App. 281, decided by the Appellate Court of the second district, it was held that where a person in obedience to a subpoena

issued in a suit goes to a county other than the one in which he resides and while there is served with summons in another case, the service is good unless there was fraud, artifice or trick on the part of the plaintiff or some one acting for him, which caused the party to go into a county where he did not reside. The court there said (p. 286): "Appellant was not a resident of Peoria county at the time of service of summons on him in this case but was only there in obedience to a subpoena issued in another case, with which appellee, the plaintiff here, had no connection, and while so involuntarily there, he was served with summons in this case, and by proper plea he raised the question whether under those circumstances he was, as matter of law, found in Peoria county. . . .

"Whatever may be the holdings in other jurisdictions, it is settled law in this State that in the absence of fraud, artifice or trick on the part of appellee or some one acting for him, in order to obtain the service in question, appellant was properly found in Peoria county within the meaning of the statute. *Willard v. Zehr,* 215 Ill. 148, and authorities there cited." See also 50 Corpus Juris p. 549, where it is said that the rule in Illinois is different from the rule in other States, and where comment is made on the case of *Beatty v. Monahan,* 240 Ill. App. 240.

The principle announced in the cases above mentioned, we think, is applicable to the facts in the case at bar. It affirmatively appears without dispute that defendant voluntarily came to Cook county to be present and take part in the trial of a cause brought by him in the municipal court of Chicago. He was not induced to come to Cook county by any fraud, artifice or trick on the part of plaintiff or any one acting for him. We hold that the service of process in this county was sufficient, and therefore the judgment of the circuit court of Cook county is reversed and the

cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

MATCHETT, J., concurs.

McSURELY, J., dissenting: I cannot agree that defendant voluntarily came into Cook county. Under section 6 of the Practice Act, Cahill's St. ch. 110, ¶ 6, he was compelled to sue in this county or forego his right to prosecute his claim.

Neither can I agree that only, where the presence of the party in the foreign county is procured by trickery, can he claim immunity from service of process; although many of the cases cited in the majority opinion seem so to hold. Public policy should require that suitors may feel free and safe to attend within any county, outside of their own, upon judicial proceedings in which their presence is required without incurring the liability of being summoned to answer in some other adverse judicial proceeding against them.