Anthony Cannata, Administrator of Estate of Sera-
fino Russell Cannata, Deceased, Appellee, v. White
Owl Express, Inc. and Carl B. Harris, Appellants.

Gen. No. 44,823.

Opinion filed November 16, 1949. Rehearing denied December 14, 1949. Released for publication December 14, 1949.

JOHN M. BEVERLY and A. J. W. APPELL, both of Chicago, for appellants; A. J. W. APPELL, of Chicago, of counsel.

RUBINELLI, ALLERUZZO & ALTIERI, of Chicago, for appellee; RICHARD ALTIERI, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for damages under the Injuries Act (Chapter 70, Sections 1 and 2, Illinois Revised Statutes [Jones Ill. Stats. Ann. 38.01, 38.02]) for wrongful death of a boy not yet eight years old. Defendants were defaulted, jury waived, finding made, and judgment entered for plaintiff for $10,000.00 in October 1946. In January 1947, defendants filed a Special Appearance, made a motion to vacate and declare null and void the default judgment for lack of jurisdiction. December 29, 1948, the motion was denied and defendants have appealed from the order of denial.

■■ The complaint was filed May 14, 1946, against the corporate defendant as owner and Harris as driver of a motor truck which ran over and killed the boy. Summons issued the same day. The face of the summons bears a typewritten notation "Serve 837 George Street." The summons was returned with an indorse-

ment certifying that the summons was served May 14, 1946, on White Owl, Inc. by leaving a copy with Harris "as agent" and on Harris personally by leaving a copy with Harris. The return is prima facie evidence of proper service and is not to be set aside except on clear and satisfactory evidence and cannot be impeached by unsupported testimony of the person whom the return states was served. *Marnick v. Cusack*, 317 Ill. 362.

The motion signed by defendants' attorney states that Harris does not and never has lived at 837 George Street and was not served at that address or elsewhere individually or as agent of White Owl, Inc.; that the manager of the Chicago office of White Owl, Inc., had never received or been served with process at that office; that plaintiff's attorney knew of the true address of Harris and the corporation; and that White Owl, Inc., is a Michigan corporation with no registered agent in Illinois and, accordingly, the Secretary of State is its irrevocable agent for that purpose; that plaintiff's attorney conducted settlement negotiations with defendants' attorney without disclosing pendency of the suit; and that defendants had no knowledge of the judgment until January 4, 1947, when notified by the Secretary of State.

██ The only showing made in the hearing of evidence or in argument before the trial court against the propriety of the service on the Corporation was that a copy of the summons had not been mailed to an office of the Corporation. Defendants' attorney admitted that if service on Harris was good, service would be good on the Corporation "because he is their driver." Furthermore defendants submitted a written brief, to the trial court in support of their motion, limited to the contention that Harris was immune from process while attending the inquest. The trial court therefore so far as the Corporation is concerned passed only on the question whether failure to mail a copy of

the summons invalidated the process on Harris as agent. There is no requirement that a copy of the summons be mailed to the Corporation's office where service is had by leaving a copy of the summons with a corporate officer or agent. Chapter 110, Paragraph 141, Illinois Revised Statutes [Jones Ill. Stats. Ann. 104.017]. In the motion it is also alleged that the service on Harris as agent was invalid because the Secretary of State was the irrevocable process agent of the Corporation. We think this contention was abandoned by what transpired in the trial Court.

The only contention made at the hearing as to the service on Harris was that he was immune from service while attending the inquest. We shall not consider therefore other contentions made here related to this point but not passed on by the trial Court. The deputy Sheriff who served the summons and made the return was called as defendants' witness. They are bound by his testimony. He testified that he served Harris in the corridor of the morgue and told him that he was serving a summons and that he served Harris as agent as well as an individual. Harris testified that "some fellow" asked him whether he was the driver, handed him a sheet of paper to which he paid no attention and was not told what the paper was and left it in the corridor somewhere. We think that Harris was not immune from process while in the lobby of the morgue for appearance at the inquest into the death of the deceased boy. The rule in Illinois is different from that in other states. *Sbertoli v. Clark,* 263 Ill. App. 65. The only Illinois case relied upon by the defendants to sustain the contention of immunity is *Gregg v. Sumner,* 21 Ill. App. 110. In that case one of the authorities relied upon was *Greer v. Youngs,* 17 Ill. App. 106. The Supreme Court reversed the Appellate Court's judgment in *Greer v. Young,* 120 Ill. 184, after *Gregg v. Sumner* was decided. In *Willard v. Zehr,*

215 Ill. 148 the Court said the fact that defendant was under arrest at the time, did not exempt him from service in a civil case. We think it follows with greater force that Harris was not exempt in this case.

We conclude therefore that defendants have failed to impeach the return in the summons. Harris was properly served, and through him the Corporation was properly served, with summons. There was no legal requirement that plaintiff should give further notice of the filing of the suit to the defendants' attorney. We see no necessity for comment on the long delay in the ruling on the motion except that the ruling when made was right. We need not consider either the propriety of the court's denial of a motion for leave to file nunc pro tunc a copy of a verified petition to vacate which was proferred to replace an original which defendants state was lost from the files. So far as it refers to jurisdiction, we have decided that question and so far as it refers to the merits of the defense, it is not involved.

For the reasons given the order of October 8, 1946, is affirmed.

*Order affirmed.*

LEWE, P. J., and BURKE, J., concur.